224 So.2d 31 (1969)
Cecelia Ann KELLER, widow of Paul Erwin JOHNSON, et al.
v.
WALLACE INDUSTRIAL CONSTRUCTORS et al.
No. 7664.
Court of Appeal of Louisiana, First Circuit.
May 26, 1969.
Rehearing Denied July 2, 1969.
*32 H. F. Foster, III, of Bienvenu & Culver, New Orleans, for appellants.
Hunt & Covington, Franklin, Moore, Beychok & Cooper, Baton Rouge, by William H. Cooper, for appellees.
Before LOTTINGER, ELLIS, and BAILES, JJ.
ELLIS, Judge.
Plaintiffs in this case are seeking workmen's compensation benefits for the death of their husband and father, Paul E. Johnson. The defendants are his employer, Wallace Industrial Constructors, and its insurer, Trinity Universal Insurance Company. From an adverse judgment, defendants have appealed.
Mr. Johnson was the supervisor on a construction job in Taft, Louisiana. He resided in a trailer in Luling, two or three miles from the job site. According to the testimony of his superior, he was expected to be on the job from 6:30 a. m., one half hour before work started in the morning, until some time after work ended in the evening.
On March 16, 1968, Johnson was contacted by his immediate superior, Lonnie Cunningham, who arranged for them to meet in New Orleans that night to discuss business. Mr. Johnson drove to New Orleans in a company car and met Mr. Cunningham. They discussed the business over cocktails and dinner. After dinner, they took a stroll through the French Quarter, and visited an art store. They parted at Mr. Cunningham's hotel at 1:00 a. m., at which time Mr. Johnson said that he was going to the art store to inquire about some paintings he owned. Nothing further is known of his activities until the next morning at approximately 5:20 a. m. when he was involved in the automobile accident which caused his death. At the time of the accident, Mr. Johnson was headed in the direction of Luling, and the job site.
Defendants deny liability solely on the ground that at the time of his death, Mr. Johnson was not acting in the course and scope of his employment.
The law applicable to a case such as this is found in the case of Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932), as follows:
"In determining, therefore, whether an accident `arose out of the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
The facts at our disposal are these: The duties of Mr. Johnson's job required that he go to New Orleans on a special mission. They likewise required that he be on the job site at Taft by 6:30 a. m. on the day following his trip to New Orleans. He was in a company car, issued to him for the purpose of making the trip. When last *33 seen, he was about to embark on a mission of his own. His whereabouts and activities were unknown between 1:00 a. m. and 5:20 a. m. When the accident happened, he was driving in the direction of his job site and of his trailer home in Luling.
This is not a case of deviation from the course of employment, since deviation cases involve breaches of authority on the part of the employee. Such is not the case here, since Mr. Johnson had the authority to embark on a mission of his own if he so desired. See Warren v. Globe Indemnity Co., 217 La. 142, 45 So.2d 65 (1950). As in that case, we are called on to determine if Mr. Johnson had completed his own mission and was once again acting in the interest of his employer.
The mission assigned Mr. Johnson by his superior was to go to New Orleans. The return from the mission would be included within the course and scope of his employment. There would be no question about the outcome of the case had Mr. Johnson begun his return journey immediately after leaving his superior. He would clearly be in the course and scope of his employment.
However, he left his superior to engage in his own business, and defendants claim that this fact, coupled with the lapse of time between then and his death, take him out of the course and scope of his employment.
Of course, we cannot say what Mr. Johnson's immediate purpose was at the moment of his death. We think it reasonable to assume, however, that he was returning either to his home or the job site. In any event, he was heading in that direction, and whatever may have been in mind, what he was doing was bringing him closer to the completion of his mission, and therefore, coincided with a business purpose.
We believe that an employee, whose job gives him wide latitude in carrying out his duties, can be engaged in a personal mission, and at the same time, be furthering the interests of his employer. The two interests are not mutually exclusive.
Each case of this type must be decided in the light of its own circumstances. In our opinion, the facts of this case justify a finding that the decedent was acting in the course and scope of his employment when he met his death.
The judgment appealed from is affirmed, at defendant's cost.
Affirmed.