| .PARRO, J.
Chad McLin appeals a judgment in favor of his former employer, Industrial Specialty Contractors, Inc. (ISC), and its insurer, CNA Insurance Companies (CNA), finding his injuries did not arise out of and in the course of his employment and dismissing his claim for workers’ compensation benefits. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case are not disputed. McLin was employed by ISC as an electrician and was assigned to work at the BASF plant in Geismar, Louisiana. On February 17, 2000, McLin was required to attend a safety meeting at ISC’s office on Highland Road in Baton Rouge. The meeting was held after regular working hours, from 6 p.m. until 8 p.m., and although the meeting was mandatory, the participating employees were not paid for the time spent in this meeting. McLin left BASF about 5 p.m., drove to the meeting in his own car, and attended the meeting. When he left the meeting, McLin drove directly toward his home, using a route that was different from his normal travel pattern. He was involved in an automobile accident several blocks from his home at the intersection of Sherwood Forest Boulevard and Florida Boulevard in Baton Rouge. He went back to work for one day, but could not perform his job due to severe back pain; he was eventually diagnosed as having a ruptured lumbar disc. McLin’s injuries prevented him from doing his pre-accident work duties, so ISC terminated his employment. ISC contended the accident did not happen during the course and scope of McLin’s employment, therefore it did not pay him workers’ compensation benefits and did not pay his medical bills.
On May 11, 2000, McLin filed a disputed claim for compensation.[2] McLin claimed he was injured in an automobile accident while going home from a mandatory meeting, and sought wage benefits and payment of medical bills from ISC. ISC and CNA answered, denying that McLin was in the course and scope of his employment at the time of his alleged injury. A trial was held on January 24, 2001, with workers’ ^compensation judge Pamela Moses-Laramore (the WCJ) presiding. At the conclusion of the trial, the WCJ found that McLin was not in the course and scope of his employment when he was injured, and dismissed his claims with prejudice.[3] In *950 this appeal, McLin challenges that finding and also requests an award of penalties and attorney fees for the defendants’ refusal to pay his claims.
COURSE AND SCOPE OF EMPLOYMENT
An employee’s personal injury is compensable under the Workers’ Compensation Act only if it results from an accident “arising out of and in the course of his employment.” LSA-R.S. 23:1031; Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1st Cir.9/25/98), 719 So.2d 1130, 1131. The Louisiana Supreme Court has considered the terms “arising out of’ and “in the course of’ in Section 1031 as dual requirements that cannot be considered in isolation from each other. In a close case, a strong showing with reference to one requirement may compensate for a weak showing with reference to the other requirement. Benoit v. Capitol Mfg. Co., 617 So.2d 477, 479 (La.1993). When there is a weak showing with respect to both requirements, the employee is not entitled to compensation benefits. Raybol v. Louisiana State Univ., 520 So.2d 724, 726 (La.1988).
To evaluate the “course of employment” requirement, the court focuses on whether the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at a place contemplated by employment activities. Mundy v. Dep’t of Health & Human Resources, 593 So.2d 346, 349 (La.1992). This inquiry focuses on the time and place relationship between the injury and the employment. Williams v. Regional Transit Authority, 546 So.2d 150, 161 (La.1989). When considering the “arising out of employment” [ ¿requirement, the court inquires into the character or origin of the risk suffered by the employee and determines whether this risk was incidental to the employment. Williams, 546 So.2d at 159. An injury arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, 192 n. 5; Pitts v. Helmrich & Payne Drilling, 98-1345 (La.App. 1st Cir.6/25/99), 739 So.2d 335, 337, writ denied, 99-2194 (La.11/5/99), 750 So.2d 187.
Generally, accidents which occur while an employee is traveling to and from work are not considered as having occurred during the course of employment. This rule is premised on the theory that ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. However, this rule has been subject to a number of jurispruden-tially established exceptions. Lorraine v. Nolty J. Theriot, Inc., 98-0479 (La.App. 1st Cir.4/1/99), 729 So.2d 1160, 1163, writ denied, 99-1251 (La.6/18/99), 745 So.2d 30. Some of these are as follows: 1) if the accident happened on the employer’s premises; 2) if the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order; 3) if the employer had interested himself in the transportation of *951 the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; 4) if the employee was doing work for his employer under circumstances where the employer’s consent could be fairly implied; 5) if the employee was hurt while traveling to and from one work site to another; 6) if the employee was injured while in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and 7) if the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. See Brown v. Coastal Const. & Engineering, Inc., 96-2705 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10, and cases cited therein.
|BIn this case, McLin’s accident happened while he was traveling home from work and would not generally be considered as having occurred during the course of his employment with ISC. Given the facts of this case, the only possible exception among those recognized by the jurisprudence and the only exception urged by McLin is that he was involved in a specific mission for the employer, in that he was required to make the trip to and from the Highland Road office pursuant to his employer’s order and in the interest of his employer’s business. McLin asserts in this appeal that the WCJ misinterpreted this court’s case, Johnson v. Wallace Indus. Constructors, 224 So.2d 31 (La.App. 1st Cir.), writ denied sub nom. Keller v. Wallace Indus. Constructors, 254 La. 782, 226 So.2d 771 (1969).
In Johnson, the court summarized the facts as follows:
The duties of Mr. Johnson’s job required that he go to New Orleans on a special mission. They likewise required that he be on the job site at Taft by 6:30 a.m. on the day following his trip to New Orleans. He was in a company car, issued to him for the purpose of making the trip. When last seen, he was about to embark on a mission of his own. His whereabouts and activities were unknown between 1:00 a.m. and 5:20 a.m. When the accident happened, he was driving in the direction of his job site and of his trailer home in Luling.
Johnson, 224 So.2d at 32-33. The court noted that the mission assigned to Johnson by his employer was to go to New Orleans. Although his destination was not clear at the moment of his death, what he was doing was bringing him closer to the completion of his mission, and therefore, coincided with a business purpose. Johnson, 224 So.2d at 33.
In oral reasons for judgment, the WCJ in the case before us noted several key differences between the Johnson facts and McLin’s situation. In Johnson, the employee was using a company vehicle that had been provided to him by his employer. This fact brings that case within another of the exceptions to the general rule concerning travel to and from work, in that the employer had interested itself in the transportation of its employee as an incident to the employment agreement by providing his transportation. Additionally, under the facts as found by the Johnson court, it appeared the employee may have been headed back to his work site in Taft, Louisiana, after attending the 1 ^meeting in New Orleans with his immediate superior. This fact brought that case closer to another exception to the general rule, under which an employee could be considered to be within the course of his employment if he was hurt while traveling to and from one work site to another.
Neither of these factors is present in McLin’s case. ISC did not provide him with transportation to and from work and *952 did not reimburse him for his travel expenses or mileage. When the accident occurred, McLin was using his own vehicle. Furthermore, there is no doubt about where McLin was headed after he left the meeting on Highland Road in Baton Rouge. McLin was not going back to the job site in Geismar; he was on his way home. Moreover, the accident did not occur at or near ISC’s premises, and there was nothing about the location of the accident or the way it occurred that made the risk greater to McLin as a result of his employment. We agree with the WCJ’s conclusion that McLin’s employment-related mission had already been completed before the accident occurred.
The WCJ’s determination is supported by the facts and, after reviewing the record in its entirety, we find no manifest error or legal error in the judgment. See Brown, 704 So.2d at 10. Having concluded the WCJ was correct and workers’ compensation benefits were not due, there is no need to address McLin’s claim for penalties and attorney fees for the defendants’ refusal to pay those benefits.
CONCLUSION
Based on the foregoing, we affirm the judgment dismissing with prejudice McLin’s workers’ compensation claims against ISC and CNA. All costs of this appeal are assessed against McLin.
AFFIRMED.

. The claim was assigned docket number 00-05172 in District 5 of the Office of Workers’ Compensation Administration.

. Realizing this case would be appealed, the WCJ supplied an "alternative judgment” to address the indemnity issues in the event this *950 court were to determine McLin was in the course and scope of his employment when he was injured. The WCJ concluded that McLin had established that he was disabled and entitled to temporary total disability benefits (TTD) from 2/17/00 until 3/17/00, and supplemental earnings benefits (SEBs) from 3/17/00 to date at the TTD rate, because he had also established his inability to find employment making 90% of his pre-accident wages. Any award pursuant to these findings would be subject to a credit for the one day’s wages McLin was paid when he tried to go back to work.