851 So.2d 1135 (2003)
Chad A. McLIN
v.
INDUSTRIAL SPECIALTY CONTRACTORS, INC., and CNA Insurance Companies.
No. 2002-C-1539.
Supreme Court of Louisiana.
July 2, 2003.
Rehearing Denied September 5, 2003.
*1138 Marcus M. Zimmerman, Counsel for Applicant.
Kirk L. Landry, Baton Rouge, Aaron J. Chaisson, Jr., Counsel for Respondent.
KNOLL, Justice.
We granted this writ application to consider whether the hearing officer and the court of appeal erred in denying workers' compensation benefits to an employee for injuries sustained in an automobile accident while returning home from an employer mandated safety meeting. In particular, we wanted to consider whether the "special mission exception" to the general going-and-coming rule ceases to apply when an employee travels along his usual route to work while returning from the special mission. For reasons that follow, we find that once an employees engages in the performance of a special mission, an injury suffered en route from the employee's home to the location of the mission, or from the location of the mission to the employee's home, is considered to be within the course of employment, regardless of the route he travels. Accordingly, we reverse the judgment of the hearing officer and the court of appeal and hold that plaintiff is entitled to workers' compensation benefits for his injuries.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Chad McLin, was employed by Industrial Specialty Contractors, Inc. (ISC) and was assigned to perform work as an electrician at the BASF plant in Geismar, Louisiana. To get to work each day, McLin would leave his home and drive down Cedarcrest Avenue to Airline Highway. He would then travel down Airline Highway to its intersection with Siegen Lane, proceed from Siegen Lane to Interstate 10 East, and then follow Interstate 10 to Geismar and the BASF plant.
On February 17, 2000, McLin was required to attend a safety meeting at ISC's office on Highland Road in Baton Rouge from 6 p.m. to 8 p.m. At around 5:00 p.m. on the day of the accident, McLin left his job site at BASF in his own automobile and attended the meeting. Although participating employees were not paid for the time spent at the meeting, they were provided *1139 with dinner. McLin testified that after the meeting ended, he traveled back down Highland Road to Interstate 10 and headed directly toward his home along his usual route. However, when turning onto Airline Highway, he decided to take South Sherwood Forest to his house instead of Cedarcrest. McLin testified that he took this alternate route because it was later in the evening than when he usually traveled home, and as a result, the traffic had subsided. While on this alternate route, McLin was involved in an automobile accident at the intersection of South Sherwood Forest and Florida Boulevard, just blocks from his home. He suffered a ruptured lumbar disk and was not able to perform his pre-accident duties, resulting in ISC's termination of his employment. ISC believed the accident had not occurred during the course of McLin's employment and refused to pay workers' compensation benefits.
On May 11, 2000, McLin filed a disputed claim for compensation with the Office of Workers' Compensation. He sought wage benefits and payment of medical bills from ISC. ISC and CNA Insurance Companies ("CNA") answered, denying that McLin was in the course and scope of his employment at the time of his injury. On January 24, 2001, a trial was held before a hearing officer. At the conclusion of the trial, the hearing officer found that McLin had not been in the course and scope of his employment when he was injured. Although she agreed that McLin had been on a "mission" for his employer in attending the mandatory safety meeting, she found such mission ended when he got back on Interstate 10 from Highland Road, because, at that point, he was traveling down his usual route home from the BASF plant.
On appeal, the First Circuit Court of Appeal affirmed, finding no manifest error in the decision. [McLin v. Industrial Specialty Contractors, Inc.] 818 So.2d 947 (La. App. 1 Cir. 5/10/02) (Carter, C.J., dissenting). We granted McLin's writ application to evaluate the correctness of the conclusion that he was not within the course of employment at the time of his accident. McLin v. Industrial Specialty Contractors, Inc., and CNA Insurance Companies, 02-C-1539 (La.10/14/02), 827 So.2d 409.

DISCUSSION
The well-recognized beneficial design of the Workers' Compensation Act is to set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings. Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64. The provisions of the workers' compensation law are to be interpreted liberally in favor of the worker in order to effectuate its purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost on channels of commerce. Lester v. Southern Cas. Ins., 466 So.2d 25 (La.1985). See also Coats v. American Tel. & Tel. Co., 95-2670 (La.10/25/96), 681 So.2d 1243; Harold v. La Belle Maison Apartments, 94-0889 (La.10/17/94), 643 So.2d 752. Nevertheless, despite such liberal construction, the worker bears the burden of proving personal injury by accident by a preponderance of the evidence. La. R.S. 23:1031; Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991).
Under the Workers' Compensation Act, employers are responsible for compensation benefits to employees only when the injury results from an accident "arising out of and in the course of his employment." La. R.S. 23:1031; O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124; Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992). The requirement that an employee's injury occur *1140 "in the course of" employment focuses on the time and place relationship between the injury and the employment. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188; Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989). An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer's premises or at other places where employment activities take the employee. Mundy, 593 So.2d at 349. The requirement that an employee's injury "arise out of" the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. Williams, 546 So.2d at 161.
Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers' Compensation Act. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La. 1975); W. Malone & H. Johnson, 13 Louisiana Civil Law TreatiseWorkers Compensation § 168 (4th ed.2002). This rule, often called the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. Phipps v. Bruno Const., 00-0480 (La.App. 3 Cir. 11/2/00), 773 So.2d 826 (citing Yates v. Naylor Industrial Services, Inc., 569 So.2d 616, 619 (La.App. 2 Cir.1990), writ denied, 572 So.2d 92 (La.1991)). Furthermore, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination. Orgeron ex rel. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 227.
The going-and-coming rule is, however, subject to various exceptions, only one of which has been asserted by McLin.[1] McLin argues that the safety meeting on Highland Road was a "mission for his employer," and thus, his return home was within the course and scope of his employment.[2] While this Court has *1141 not had an opportunity to address the "special mission" exception, we note with significance that the exception has been applied in one form or another by the majority of state supreme courts. See 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 14.05 (2002). The definition most often cited in the jurisprudence for the special mission (or "special errand") exception provides:
When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course and scope of employment by the fact that the trouble and time of making the journey, or special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.
1 Larson & Larson, supra, § 14.05.
A review of the cases addressing the special mission exception in the context of injuries sustained while traveling to or from employer-mandated meetings reveals that courts consistently hold such travel falls within the course and scope of employment. For example, in Edens v. New Mexico Health & Social Services Dep't, 89 N.M. 60, 547 P.2d 65 (1976), the employee was fatally injured in an automobile accident while returning home with three other colleagues after being ordered to attend a two-day meeting in Santa Fe. In interpreting the special mission exception, the court stated:
Each of the four employees who went that day to Sante Fe was on a special mission for their employer HSSD, and each was within the course of his employment from the moment he left home until the moment he returned home at the end of the day. Therefore, we hold that the fatal injuries suffered by Betty Jean Edens arose out of and in the course of her employment, and the "going and coming" rule is inapplicable to these facts.
Id. at 68.
Similarly, in Dynalectron Corp. v. Indus. Com'n of Colorado, 660 P.2d 915 (Colo.Ct.App.1982), the employee was invited to an employer-sponsored dinner meeting. After attending the meeting, while on her way home, the employee was severely injured in an automobile accident. After accepting the Commission's finding that the employee had been required to attend the dinner, the court held the employee's *1142 journey was covered under the special mission exception:
Here, claimant was attending an off-premises dinner meeting, after normal working hours, under at least the implied direction of her employer, and travel to and from the meeting was a necessity. These special circumstances justify the Commission's determination that claimant's injuries while returning from the meeting were compensable.
Id. at 916. See also Brown v. City of Wheeling, 212 W.Va. 121, 569 S.E.2d 197, 203 (2002) (holding that the employee was acting within the course of her employment when she died while returning from the work-related session, because "[h]er death occurred on a public highway which was brought within the scope of her employment by [her employer's] requirement that she attend training at the State Police Academy."); State of Utah (Tax Commission) v. Industrial Commission of Utah, 685 P.2d 1051 (Utah 1984) (employee found to be within the course of employment when injured in an automobile accident after being directed to attend an employment related workshop); Watson v. U.S. Fire Insurance Co., 577 S.W.2d 668 (Tenn.1979) (court found that injuries arising out of an employment-mandated trip to a national park for a training program was compensable, although at the time of the accident, the employee was traveling from a friend's house where he had stayed the night); Chevron, U.S.A., Inc. v. Lee, 847 S.W.2d 354 (Tex.Ct.App.1993) (employee held to have been within course of employment when injured in an automobile accident while en route to a mandatory seminar).
Applying the reasoning from the cases cited above, we find that McLin was clearly on a mission for his employer. McLin was required by his employer to attend the safety meeting on Highland Road. See 1A Arthur Larson, Larson's Workers' Compensation Laws, § 27.31(a) (1979) ("Employment connection may be supplied by varying degrees of employer encouragement or direction. The clearest case for coverage is that of a teacher who is directed to attend a teacher's institute."). Even though the meeting was held after his normal working hours, McLin was not compensated for his time. Most importantly, because it was conducted off-premises, travel was an indispensable part of attending the meeting. Under these circumstances, we readily conclude that the "time and trouble" or "inconvenience" of making the journey to the mandatory safety meeting was "sufficiently substantial to be viewed as an integral part of the service itself." Accordingly, we find McLin was within the course of employment during his travel home from the meeting. See David Polin, Workers' Compensation: Special Mission Exception to Going-and-Coming Rule, 32 Am.Jur. Proof of Facts 2d 199, 202 (1982) ("[A]n employee traveling to or returning from a special mission is acting in the course of employment.").
We also find that McLin's accident sustained on his journey home "arose out of" his employment. An accident arises out of employment if the employee was engaged about his employer's business and when the conditions of obligations of the employment cause the employee in the course of employment to be at the place of the accident at the time the accident occurred. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152; Kern v. Southport Mill, 174 La. 432, 141 So. 19 (La. 1932). In this case, it is without question that the safety meeting directly benefitted McLin's employer. Furthermore, as mentioned above, travel to and from the after-hours meeting was essential. See also 1 Arthur Larson, Larson's Workmen's Compensation Law § 7.00, at *1143 3-12 (1996) (when employment and personal risks concur to produce injury, the injury arises out of the employment, since the employment need not be the primary cause, but need only contribute to the injury).
However, our finding does not dispose of this matter. While the hearing officer recognized that McLin's attendance at the safety meeting constituted a "mission," she found persuasive the fact that, after McLin turned onto I-10 from Highland Road, he was traveling down his usual path home from work. The hearing officer thus denied McLin's claim for workers' compensation benefits under the general going-and-coming rule. On appeal, the First Circuit affirmed, agreeing that McLin's employer mandated mission had already been completed before his accident occurred. Therefore, the narrow issue to be decided is whether the fact that McLin's journey home from the safety meeting overlapped with his daily route from the BASF plant prevents the application of the special mission exception. We find that it does not.
We hold that if an employee is found to be on a special mission, he will be considered to be within the course of his employment from "portal-to-portal," or in other words, from his home to the location of the mission, or alternatively, from the location of the mission to his home. Larson & Larson, supra, § 14.05[1]-14.05[2] (reflecting that the effect of the special mission rule is to confer "portal-to-portal" coverage on the employee). We can find no support for the proposition that, because an employee happens to travel along his usual route while returning home from a special mission, the employee ceases to be protected under the exception. On the contrary, as recognized by the Oklahoma Supreme Court, "once it is determined that the employee is doing the employer's work, e.g., is on a special mission, it does not avail the employer to say the risks of injury to the employee are no greater than the risks to the general public." Stroud Municipal Hosp. v. Mooney, 933 P.2d 872 (Okla.1996). The reasoning for this rule has been explained by one court as follows:
[W]hen an employee is requested, directed, instructed, or required by the employer to be away from the place of employment, the employee is deemed to be in the course of employment because the employee is engaged in the direct performance of duties assigned by the employer. The employee remains within the scope of employment from the moment the employee leaves home or work until he returns either to the regular premises or to the employee's home.
Camburn v. Northwest School District, 459 Mich. 471, 592 N.W.2d 46 (1999) (emphasis added). See also Pribyl v. Standard Electric Co., 246 Iowa 333, 67 N.W.2d 438 (1954) ("In [special mission] cases it is clear the entire trip would be his master's business and by all authorities would be held to be in the course of the employment.").
For this reason, courts interpreting this very same issue, i.e., whether the special mission exception ceases to apply when an employee travels home along his usual route, hold that the employee remains within the course of employment. For example, in Neacosia v. New York Power Authority, 85 N.Y.2d 471, 626 N.Y.S.2d 44, 649 N.E.2d 1188 (1995), the employee, a security guard, stopped to deliver a load of his uniforms to a dry cleaner after his shift ended. The cleaner was one of several recommended by his employer as part of an arrangement by which it provided its guards with uniforms, and required that the uniforms be kept clean and presentable. After leaving the dry cleaner, the employee headed along his usual route and *1144 was involved in an automobile accident. In holding that the employee was entitled to workers' compensation for his injuries, the court concluded:
The question remains whether claimant's employment had terminated prior to the occurrence of the accident, thus foreclosing application of the special [mission] exception. Respondents contend that once Neacosia left [the dry cleaner] and started home by his usual route he was no longer engaged in the service of his employer. However, the fact that the employee's injury occurs on the way home after having completed the work-related errand does not necessarily mean that the employee's travel is no longer within the course of employment. Once an employee engages in the performance of a special errand, he or she is considered to be acting within the scope of employment during travel between the place of employment and home.
Id. at 1193 (citation omitted). See also Fleming v. Morgan Local School Board, CA-97-13, 1999 WL 4026, 1998 Ohio App. LEXIS 6528 (Ohio Ct.App. Nov. 25, 1998) (employee injured in an automobile accident while traveling along usual route home after purchasing supplies held to be within the course of employment).
Lastly, although we find that McLin is entitled to workers' compensation benefits for his injuries, we deny his claim for penalties and attorney fees for the defendants' refusal to pay those benefits. The purpose of imposition of penalties and attorney fees is to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41. The crucial inquiry is whether the employer had an articulable and objective reason to deny benefits at the time it took action. Authement v. Shappert Eng'g, 02-1632 (La.2/25/03), 840 So.2d 1181. Because this case marks the first opportunity for this Court to address the special mission exception, especially its parameters, we find that McLin's employer presented a defensible argument for its denial of benefits.

DECREE
For the above and foregoing reasons, the judgment of the hearing officer and the court of appeal is reversed and the case is remanded to the hearing officer for an award of workers' compensation benefits.

REVERSED AND REMANDED.
VICTORY, J., dissents and assigns reasons.
WEIMER, J., dissents for the reasons assigned by VICTORY, J.
VICTORY, J., dissenting.
I cannot agree with the majority's broad "portal to portal" rule for special mission cases. This case is a prime example of why such a rule is arbitrary. After attending the safety meeting at his employer's Baton Rouge campus, the plaintiff resumed his ordinary route home when he reached I-10 and Highland Road. According to his testimony, plaintiff then took an alternate route homeand was exposed to less risk from trafficbecause the traffic flow was lighter. It was while traveling on this alternate route that plaintiff was involved in the accident, well after his "special mission" ended. Thus, the general "going and coming" rule applies because this off-the-job, on-the-way-home automobile accident, in the plaintiff's personal auto, well after the safety meeting ended, did not arise out of or in the course of his employment. I would affirm the rulings of the hearing officer and the court of appeal.
*1145 WEIMER, J., dissenting.
Weimer, J., dissents for the reasons assigned by Victory, J.
NOTES
[1] The following have been cited in the jurisprudence as exceptions to the going-and-coming rule:

(1) If the accident happened on the employer's premises;
(2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;
(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
(4) If the employee was doing work for his employer under the circumstances where the employer's consent could be fairly implied;
(5) If the employee was hurt while traveling to and from one work site to another;
(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the "threshold doctrine"); and
(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.
See Yates v. Naylor Indus. Services, 569 So.2d 616 (La.App. 2 Cir.1990), writ denied, 572 So.2d 92 (La.1991) (citing Michaleski v. Western Preferred Casualty Company, 472 So.2d 18, 20 (La.1985)); Hughes v. Gearhart Industries, Inc., 552 So.2d 717, 719 (La.App. 1 Cir.1989), writ denied, 556 So.2d 1280 (La.1990); Justice v. Sylvester, 499 So.2d 590, 592-93 (La. App. 5 Cir.1986), writ denied, 503 So.2d 491 (La.1987); Smith v. A.I.U. Insurance Company, 457 So.2d 868, 869 (La.App. 3 Cir.1984).
[2] As support for the existence of a special mission exception in Louisiana, McLin relies primarily on Johnson v. Wallace Industrial Constructors, 224 So.2d 31 (La.App. 1 Cir.), writ denied sub nom., Keller v. Wallace Industrial Constructors, 254 La. 782, 226 So.2d 771 (La.1969). In Johnson, the employee was killed in an automobile accident at 5:20 a.m. while returning from New Orleans after attending a business meeting. However, after leaving the meeting, the decedent's whereabouts were unknown from 1:00 a.m. until the time of the accident. Furthermore, there was conflicting evidence as to whether he had been driving home or to work. In dicta, the First Circuit stated:

The mission assigned Mr. Johnson by his superiors was to go to New Orleans. The return from the mission would be included within the course and scope of his employment. There would be no question about the outcome of the case had Mr. Johnson begun his return journey immediately after leaving his superior. He would clearly be in the course and scope of employment.
Id. at 33. In the end, the First Circuit found that, regardless of where he was heading, his journey "was bringing him closer to the completion of his mission, and therefore, coincided with a business purpose." Johnson, 224 So.2d at 33. The court thus held that decedent had been acting in the course of his employment when he met his death. While we agree with the result in Johnson, we nevertheless find that an analysis of the case is not necessary for a resolution of the instant matter.