BROWN, Chief Judge.
 

 | Claimant, Sara Coleen Biscamp, worked as a sales representative with defendant, Sysco East Texas, LLC (“Sysco”). One of her main accounts or customers was the Crawfish Hole, a restaurant in Natchitoches, Louisiana, owned and operated by William and Chere Carnahan. On one of her scheduled work days, Coleen accompanied Chere to a mammogram appointment .in Shreveport, Louisiana, with the permission/approval of her supervisors. Coleen was not charged with a paid day off, and she was paid as if it was a work day for her.
 

 Coleen Biscamp and Chere Carnahan were Mends, having met while both worked for Sysco several years previously. They ate lunch at Posado’s Restaurant in Shreveport before Chere’s appointment. While leaving the restaurant, Coleen tripped and fell, injuring herself. She filed the instant workers’ compensation claim against Sysco seeking benefits. A hearing limited to the issue of course of employment was held. The workers’ compensation judge (“WCJ”) found that Coleen was not in the course of her employment when she sustained her injuries and therefore dismissed her claim. This appeal ensued.
 

 Discussion
 

 Only injuries which arise both out of, and occur in the course of employment, are compensable under the workers’ compensation system. La. R.S. 23:1031(A);
 
 Mundy v. Dept. of Health and Human Resources,
 
 593 So.2d 346 (La.1992). Under Louisiana workers’ compensation law, a worker must prove that an accident with resulting injuries arose out of and occurred in the course of her employment by a preponderance of the |2evidence.
 
 Bruno v. Harbert Intemation
 
 
 *1099
 

 al, Inc.,
 
 593 So.2d 357 (La.1992). The question of whether a claimant is entitled to compensation benefits is a question of fact, and a WCJ’s determination may not be disturbed on appeal absent a finding of manifest error.
 
 Posey v. NOMAC Drilling Corp.,
 
 44,428 (La.App.2d Cir.08/12/09), 16 So.3d 1211;
 
 Morrison v. First Baptist Church of West Monroe,
 
 44,189 (La.App.2d Cir.04/08/09), 7 So.3d 873;
 
 Hawthorne v. Gilbane/General Motors Corp.,
 
 39,021 (La.App.2d Cir.12/15/04), 889 So.2d 1204.
 

 The requirement that an employee’s injury “arise out of’ the employment relates to the character or origin of the risk and injury suffered by the employee and whether this injury was incidental to the employment.
 
 McLin v. Industrial Specialty Contractors, Inc.,
 
 02-1539 (La.07/02/03), 851 So.2d 1135;
 
 Williams v. Regional Transit Authority,
 
 546 So.2d 150 (La.1989);
 
 Obien v. Mitcham Peach Farms, L.L.C.,
 
 43,637 (La.App.2d Cir.10/29/08), 997 So.2d 670. According to the supreme court in
 
 McLin,
 
 851 So.2d at 1142, an accident arises out of the employment if the employee was engaged about her employer’s business and when the conditions of the employment cause the employee in the course of employment to be at the place of the accident at the time the accident occurred.
 
 See also, Posey, supra.
 

 The requirement that an employee’s injury occur “in the course of’ employment brings into focus the time and place relationship between the injury and the employment.
 
 Weber v. State,
 
 93-0062 (La.04/11/94), 635 So.2d 188;
 
 Williams, supra.
 
 An accident occurs in the course of | «¡employment when the employee sustains an injury while actively engaged in the performance of her duties during work hours, either on the employer’s premises or at other places where employment activities take the employee.
 
 McLin, supra; Obein, supra; Tucker v. Northeast Louisiana Tree Service,
 
 27,768 (La.App.2d Cir.12/06/95), 665 So.2d 672,
 
 writ denied,
 
 96-0063 (La.03/08/96), 669 So.2d 404.
 

 Our courts have recognized that employees may from time to time be asked by their employers to do things that are not necessarily within their regular job duties or descriptions. In
 
 McLin, supra,
 
 the Louisiana Supreme Court acknowledged the “special mission” exception to the “going and coming” rule, which provides that generally, injuries sustained by an employee traveling to and from work are not considered to have occurred within the course of employment and are therefore not compensable under the Workers’ Compensation Act.
 
 See, Phipps v. Bruno Construction,
 
 00-0480 (La.App.3d Cir.11/02/00), 773 So.2d 826;
 
 Stephens v. Justiss-Mears Oil Co.,
 
 312 So.2d 293 (La.1975).
 

 The supreme court in
 
 McLin,
 
 851 So.2d at 1132, held that “if an employee is found to be on a special mission, [s]he will be considered to be within the course of [her] employment from ‘portal-to-portal,’ or in other words, from [her] home to the location of the mission, or alternatively, from the location of the mission to [her] home.” (Citation omitted).
 

 Citing
 
 Camburn v. Northwest School District,
 
 459 Mich. 471, 592 N.W.2d 46 (1999), the
 
 McLin
 
 court explained:
 

 [W]hen an employee is requested, directed, instructed, or required by the employer to be away from the place of employment, the employee |4is deemed to be in the course of employment because the employee is engaged in the direct performance of duties assigned by the employer. The employee remains within the scope of employment from the moment the employee leaves home or work until [she] returns either to the
 
 *1100
 
 regular premises or to the employee’s home. ■
 

 Id.
 
 at 1143.
 

 In the instant case, the WCJ found that, on the date of her accident, Coleen Biscamp was not on a special mission for her employer, but rather was on a personal mission and was therefore not in the course of her employment such that her injury was covered by workers’ compensation. On appeal, claimant urges that this finding by the WCJ is clearly wrong/manifestly erroneous.
 

 As noted above, the principal criteria for determining course of employment are time, place and employment activity.
 
 Tucker, supra.
 
 An injury occurs in the course of employment when it is sustained by an employee actively engaged in the performance of her duties during work hours, either on the employer’s premises or at other places where employment activities take her.
 
 Posey, supra; Tucker, supra.
 
 For a mission to qualify as a special -mission and thus be considered as employment-related rather than personal, an employee is deemed to be in the course of employment when she is engaged in the direct performance of duties assigned (i.e., requested, directed, instructed or required) by her employer.
 

 Coleen Biscamp’s injuries were sustained in a trip and fall incident in the parking lot of Posado’s Restaurant in Shreveport, Louisiana. A sales representative for Sysco, Coleen was
 
 out of her territory
 
 with the express permission of her supervisors
 
 for the purpose of accompanying a former
 
 |
 
 hco-workeijfriend (who was also a current client) to a mammogram appointment.
 
 While Coleen was paid and not required to take a vacation day for this excursion, she was
 
 not requested, directed, instructed or required by her employer
 
 to make the trip to Shreveport with Chere, but instead was permitted or allowed to go. In fact, Coleen’s supervisor had to make arrangements for another sales representative to cover her territory on that date so that she could accompany Chere to Shreveport. Chere Carnahan drove her personal vehicle. Also, while Coleen and Chere did discuss business and that week’s order for the Crawfish Hole was entered into Coleen’s computer during the trip from Natchitoches to Shreveport, the trip was not employment related. The two ladies scouted out the location of the doctor’s office, then had lunch at Posado’s Restaurant. The mammogram appointment was next, and the friends wrapped up their day in Shreveport with some shopping, heading back to Natchitoches. At the time of her accident, Coleen was neither actively engaged in the performance of work-related duties, nor was she at a place where her employment activities took her. The WCJ did not err in finding that claimant, Coleen Biscamp, was not in the course of her employment with defendant, Sysco, when she sustained her injuries.
 

 Conclusion
 

 For the reasons set forth above, the judgment of the WCJ is AFFIRMED.