Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,173-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EDWARD FOBBS                                        Plaintiff-Appellant

versus

COMPUCOM SYSTEMS, INC.                             Defendant-Appellee

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-W
Parish of Caddo, Louisiana
Trial Court No. 19-04774

Meagan E. Shadinger (*Ad Hoc*)
Workers' Compensation Judge

* * * * *

EDWARD FOBBS                                        In Proper Person


JUGE, NAPOLITANO, GUILBEAU,                         Counsel for Appellee
RULI & FRIEMAN
By: Courtney A. Ruli

* * * * *

Before COX, THOMPSON, and ELLENDER, JJ.

**ELLENDER, J.**

Edward Fobbs appeals a judgment that rejected his claim for workers' compensation benefits. For the reasons expressed, we affirm.

### FACTUAL BACKGROUND

Fobbs went to work for CompuCom in October 2016 as a Field Technician. CompuCom is a managed workplace services provider; a field tech usually goes to a client's place of business to replace or install servers, printers, or other hardware in their computer systems. The work involves much lifting, carrying, and bending.

On September 7, 2018, Fobbs was sent to an Office Depot in Jackson, Mississippi, to install a server, which he estimated weighed between 60 and 80 lbs. He testified there was nobody there to help him, so by himself he got the server off the shelf, unboxed it, and pulled out the old server. He testified he was already working through pain, but eventually it got so bad he "couldn't take it anymore." At trial, he said the pain was in his "leg and back" and was "excruciating." He testified he called his manager, Kessinger, who was not available, so he called another manager, Spicer, to report his situation; neither of these people was called to testify. Despite his pain, Fobbs completed the installation, got in his vehicle, and drove back to Shreveport.

Later that evening, Fobbs went to Willis Knighton Bossier. His complaint was pain in his right leg and right calf; the nurses' notes state, "Mechanism of injury: denies injury." However, Fobbs told them about a prior incident, "about a year ago," in which he was "attacked" in his leg, underwent surgery to implant a metal plate and screws on his shattered tibia,

in Jackson, Mississippi, and never got follow-up care; he reported being in some pain intermittently ever since. The nurses' notes further recite that Fobbs wanted a note to put him on short-term disability from his job; they do not say whether this was given.

Later, however, he requested and received personal time off from CompuCom for September 10-14, 2018. On September 17, he emailed his supervisor, Kessinger, to say he was feeling down with a flu bug. Fobbs never went back to work after reporting this illness.

Fobbs returned to Willis Knighton Bossier on October 2, 2018. Again, he did not mention any work-related accident, only the prior surgery, leg pain that flared up "3 months ago," and his frustration that his surgeon had not initiated any follow-up care (removal of the metal screws) after the operation. The records do not show that Fobbs received, or asked for, a work release.

Six days later, October 8, 2018, Fobbs went to Ochsner LSU Health, in Shreveport, complaining of "chronic leg pain." He again reported being attacked with a pipe in May 2017, surgery in which "some hardware" was placed in his leg, and pain that started to get worse "2 months ago." The records do not show that he received, or asked for, a work release; he wanted only a referral for follow-up care.

In late 2018, Fobbs called CompuCom's short-term disability carrier, Prudential, to apply for benefits, but was denied because of the pre-existing condition. In January 2019, CompuCom formally terminated Fobbs.

## PROCEDURAL HISTORY

Fobbs filed this disputed claim for compensation on July 26, 2019. Represented by counsel, he alleged he injured his *back* while trying to install

2

a rack at the Office Depot, and requested wage benefits and medical treatment. By amended claim, he added that he reinjured his leg.

CompuCom conceded Fobbs's employee status and compensation rate, but disputed that any compensable accident occurred or that he was unable to earn 90% of his pre-injury wage.

In June 2021, Fobbs's counsel moved to compel discovery and for "spolitation [*sic*] of evidence"; the WCJ ordered CompuCom to produce all its emails related to Fobbs, its work ticket for the date of the alleged accident, and other discoverable items. The interlocutory order also reserved Fobbs's right to request penalties and attorney fees.

When the matter came to trial, in October 2022, Fobbs's counsel did not argue that CompuCom failed to comply with the order to compel. The only live witness was Fobbs, who detailed his prior injury (someone had struck him in the shin with a tire iron during an altercation in May 2017); his surgery; and the August 2017 note from his surgeon, Dr. Mehrle, limiting him to light duty, no heavy lifting, and rest as needed. He said he told the people at CompuCom about these restrictions, but they never gave him any light duty.

Next, Fobbs described the occurrence at Office Depot, saying he was already in some pain, but moving the heavy server caused greater, excruciating back pain. He admitted that nobody else was around to witness the accident; he did not tell any Office Depot employees about it because, he said, this would be against CompuCom's rules. He also admitted that none of his hospital records – two from Willis Knighton Bossier and one from Ochsner – said anything about an accident or injury on September 7, 2018; he responded that he really did tell them about it, but they all failed to write

3

it down.  He further admitted never filing a written accident report; he insisted he orally reported the accident to two supervisors shortly after it happened, even though the email to his supervisor, Kessinger, mentioned only a stomach virus.  Fobbs did not call Kessinger or the other manager, Spicer, to testify.

Finally, Fobbs described his unsuccessful efforts to apply for short-term and long-term disability through CompuCom's carrier, Prudential, and to get his surgeon in Mississippi, Dr. Mehrle, to remove the metal screws, but the doctor would not do this without a $2,000 copay, which Fobbs could not afford.  He was able, however, to get on SSI, about two months before trial.  Even though Fobbs presented no medical evidence after October 2018 (trial was in October 2022), he maintained he cannot put any weight on the injured leg, cannot lie straight in bed because of his back, and is currently in too much pain to work.

As exhibits, Fobbs offered the medical records from Baptist Memorial, in Jackson, where the surgery had been performed, and from Willis Knighton and Ochsner; his job description and wage statements; copies of emails between himself and various CompuCom personnel; and copies of the phone log between himself and Prudential agents.

CompuCom called no live witnesses.  It introduced the same medical records, from Willis Knighton and Ochsner, and Fobbs's deposition, taken 16 months before trial.

### ACTION OF THE WCJ

By written opinion, the WCJ laid out the facts of Fobbs's prior injury and treatment, and the current claim and treatment.  She stated he was "credible," but he was contradicted by the relevant medical records, none of

4

which described a work-related injury. While these could be errors by the healthcare providers, the WCJ found Fobbs offered absolutely nothing to corroborate his version of what happened. Noting that a claim for temporary total disability requires clear and convincing evidence, the WCJ found Fobbs simply did not meet that burden. She rendered judgment dismissing all claims.

Three weeks later, Fobbs's counsel filed a motion to withdraw, which the WCJ granted summarily.

Fobbs filed a pro se motion for "suspensive appeal," which the WCJ granted after he applied for and received pauper status. After the normal briefing delay and one extension, Fobbs filed a pro se brief, belatedly, on May 16, 2023.[1]

## DISCUSSION

At the outset, this court notes that Fobbs's brief does not comply with URCA 2-12.4 A(5) and A(7). It contains no assignments of error or references to page numbers in the record, and it makes copious references to matters not in evidence. In the interest of justice this court will read pro se filings indulgently and attempt to discern the thrust of the appellant's position on appeal and the relief he seeks. *Magee v. Williams*, 50,726 (La. App. 2 Cir. 6/22/16), 197 So. 3d 265, and citations therein. However, even with the latitude extended to a pro se litigant in the form of liberally construed pleadings, he is required to meet his burden of proof. *Id.* Fobbs's brief contains a "statement of the issues," listing eight items, but most of

---

[1] CompuCom filed a motion to dismiss the appeal for missing the 30-day extension; this court denied the motion, in light of Fobbs's pro se status, the fact that the brief was only one day late, and the judicial policy of favoring appeals, *Edgefield v. Audubon Nature Inst. Inc.*, 18-1782 (La. 1/18/19), 261 So. 3d 776.

these do not have a corresponding argument. Assignments not argued are deemed abandoned. URCA 2-12.4 B(4).

The well-recognized beneficial design of the Workers' Compensation Act is to set up a court-administered system to aid injured workers by relatively informal and flexible proceedings. *McLin v. Indus. Spec. Contractors Inc.*, 02-1539 (La. 7/2/03), 851 So. 2d 1135. The provisions of the workers' compensation law are to be interpreted liberally in favor of the worker and to effectuate its purpose of relieving workers of the economic burden of work-related injuries by diffusing the cost on channels of commerce. *Id.* Nevertheless, despite such liberal construction, the worker bears the burden of proving personal injury by accident by a preponderance of the evidence. La. R.S. 23:1031; *McLin v. Indus. Spec. Contractors*, *supra*.

By his first argument, "Intentional Spoilation [*sic*] of the Evidence," Fobbs argues that he made a request to CompuCom to turn over his employee file and provide other information, but this was "totally ignored." In support, he offers a portion of what purports to be Kessinger's deposition, in which he admitted not knowing anything about Fobbs's injury until after this claim was filed. Fobbs alleges that he was subject to "circumvention, manipulation, trickery, and outright untruths to prevent him from establishing a workplace injury[,]" and the "complete record of a factual basis * * * [was] omitted."

The record shows that Fobbs's counsel filed a motion to compel, with a prayer for the legal presumption arising from spoliation of evidence, on June 23, 2021; after a hearing on June 29, the WCJ ordered CompuCom to produce all nonprivileged emails, answer his second discovery requests, and

6

produce the work ticket, all within 30 days. The record contains 17 pages of printouts of email strands, and Fobbs's counsel made no further request to compel discovery. In fact, counsel did not mention noncompliance, either at trial, in October 2022, or by post-trial brief. Simply put, there is no record support for the claim that CompuCom "ignored" the request for information, withheld or suppressed any evidence, or otherwise prevented Fobbs from creating a complete record.

Kessinger's deposition, a portion of which is quoted in brief, was not introduced in evidence at trial. Appellate courts are courts of record and do not review evidence that is not in the appellate record. La. C.C.P. art. 2164; *Jackson v. European Serv. Inc.*, 51,844 (La. App. 2 Cir. 2/28/18), 246 So. 3d 743. The deposition is not a matter of record, and we will not consider it. *Osborne v. McKenzie*, 43,658 (La. App. 2 Cir. 10/22/08), 998 So. 2d 137, *writ denied*, 08-2555 (La. 1/9/09), 998 So. 2d 726. Fobbs's first argument lacks merit.

By his second argument, Fobbs asserts he was "entitled to workers' compensation benefits." He cites the statutory standard, an accident arising out of and in the course of employment, La. R.S. 23:1031; the general burden of proof, a preponderance of the evidence, *McLin v. Indus. Spec. Contractors*, *supra*; and the heightened burden of proof for temporary total disability benefits, clear and convincing evidence, La. R.S. 23:1221 (1)(c). The main thrust of his argument is that he got hurt at Office Depot only because CompuCom refused to honor his earlier work restrictions and give him light duty. He summarizes: "It is clear from the face of the record that the reaggravation of the heavy lifting by plaintiff led to the disability."

7

An employee is entitled to workers' compensation benefits if he "receives personal injury by accident arising out of and in the course of" his employment. La. R.S. 23:1031 A. An "accident" means an "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La. R.S. 23:1021 (1); *Hill v. IASIS Glenwood Reg'l Med. Ctr.*, 50,531 (La. App. 2 Cir. 5/18/16), 195 So. 3d 536, *writ denied*, 16-1357 (La. 11/7/16), 209 So. 3d 104. The claimant is not required to prove the exact cause of the disability, but he must show by a preponderance of the evidence that the accident had a causal connection with the disability. *Iberia Med. Ctr. v. Ward*, 09-2705 (La. 11/30/10), 53 So. 3d 421; *Crawford v. Town of Grambling*, 51,090 (La. App. 2 Cir. 1/11/17), 211 So. 3d 660, *writ denied*, 17-0284 (La. 4/7/17), 218 So. 3d 110.

Where the claimant suffers from a preexisting condition, he may still prevail if he proves that the accident aggravated, accelerated, or combined with the disease or infirmity to produce disability for which compensation is claimed. *Peveto v. WHC Contractors*, 93-1402 (La. 1/14/94), 630 So. 3d 689; *Harper v. Weyerhaeuser Co.*, 54,789 (La. App. 2 Cir. 11/16/22), 351 So. 3d 589. In such a situation, the claimant is entitled to compensation for the duration of the aggravation. *Whitten v. Patterson UTI Drilling Co.*, 53,431 (La. App. 2 Cir. 4/22/20), 294 So. 3d 590.

The claimant may prove by his or her testimony alone that an unwitnessed, compensable accident occurred if the claimant can satisfy two elements: (1) no other evidence discredits or casts serious doubt on the claimant's version of the incident, and (2) the claimant's testimony is

8

corroborated by the circumstances following the alleged accident. *Ardoin v. Firestone Polymers LLC*, 10-0245 (La. 1/19/11), 56 So. 3d 215; *Perez v. Express Jet*, 50,731 (La. App. 2 Cir. 6/22/16), 197 So. 3d 270.

Factual findings of a WCJ are subject to the manifest error standard of review; in order for the reviewing court to reverse, it must find that a reasonable factual basis does not exist and the record establishes that the factual findings are clearly wrong. *Lafayette Bone & Joint Clinic v. La. United Bus. SIF*, 15-2137 (La. 6/29/16), 194 So. 3d 1112; *Woodard v. Brookshire Grocery Co.*, 54,574 (La. App. 2 Cir. 8/10/22), 345 So. 3d 439, *writ denied*, 22-01360 (La. 11/16/22), 349 So. 3d 1001.

The WCJ acknowledged Fobbs's testimony regarding an accident and resulting disability but then found a total absence of evidence, testimonial, documentary, or circumstantial, to corroborate his account.[2] On review, we see no manifest error. Notably, Fobbs's hospital records are totally silent as to any workplace injury (the first record, on the date of the alleged accident, "denies injury") and describe instead a gradual worsening of pain since the surgery. Fobbs suggested at trial that he actually told the intake nurses about the accident and they failed to write it down, but, like the WCJ, we find this prospect remote. Fobbs did not call as witnesses the supervisors, Kessinger and Spicer, to whom he claimed to have reported the accident, and the email to Kessinger days after the alleged accident mentions only a stomach virus. Fobbs's phone calls and emails to Prudential were requests for short- and long-term disability, not reports of a work-related injury. The original

---

[2] We are somewhat perplexed by the WCJ's choice of the word "credible" when, ultimately, she discredited Fobbs's account. On the cold record, a better choice of words might be "responsive," "articulate," or "engaging."

disputed claim alleged only a back injury, but the focus of discovery and trial was the reinjury of his tibia. Finally, despite being clear in places, Fobbs's testimony is often vague, perhaps even evasive, and never describes a precise accident. All told, there was no manifest error in the WCJ's finding that Fobbs failed to prove a work-related accident and resulting disability. This argument lacks merit.

Finally, in his "statement of the issues," Fobbs asserts the WCJ erred in denying penalties and attorney fees. However, there is no argument in support, so this court deems it abandoned. URCA 2-12.4 B(4). Further, when the WCJ denies benefits, there is no basis for awarding penalties or attorney fees. *Poissenot v. St. Bernard Parish Sheriff's Ofc.*, 09-2793 (La. 1/19/11), 56 So. 3d 170; *Mayes v. Morehouse Parish Sch. Bd.*, 54,796 (La. App. 2 Cir. 2/8/23), 355 So. 3d 750, 412 Ed. Law Rep. 925. There was no error, factual or legal, in the denial of penalties and attorney fees.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. Costs are to be paid by Edward Fobbs in accordance with La. C.C.P. art. 5186.

**AFFIRMED**.

10