972 So.2d 1189 (2007)
Eric JONES, Plaintiff-Appellant
v.
HOLLYWOOD CASINO SHREVEPORT, Defendant-Appellee.
Nos. 42,819-WCA, 42,820-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*1190 Eric Jones, In Proper Person.
Law Offices of Ronald F. Lattier by Curtis R. Joseph, Jr., Shreveport, for Appellee, Eldorado Resort Casino Shreveport.
Before STEWART, CARAWAY and PEATROSS, JJ.
STEWART, J.
In this workers' compensation matter, Eric Jones appeals the Workers' Compensation Judge's denial of his claims for temporary total disability benefits (TTD) and supplemental earnings benefits (SEB). For the reasons that follow, we affirm.

FACTS
Eric Jones was an employee with ElDorado Resort Casino, formerly known as Hollywood Casino ("ElDorado"), on September 6, 2003, when he was injured in `a work related accident. Jones continued to receive medical and indemnity benefits even after he was released to return to regular duty on October 10, 2003, until his employment was terminated in December of 2003 for insubordination and other morale related issues. Following his termination, *1191 Jones drew unemployment benefits from December 20, 2003, until January 24, 2004. From September 27, 2004, to December 28, 2004, Jones was paid indemnity benefits by ElDorado.
Following a trial, the WCJ determined that Mr. Jones was entitled to TTD for the period beginning January 30, 2006, through August 26, 2006, at a weekly compensation rate of $282.93, for a total amount of $8,487.90. The WCJ also found that Mr. Jones was entitled to $2,000 in penalties because of ElDorado's failure to provide indemnity payments for the above referenced period. The. WCJ also found that Mr. Jones was entitled to payment, of medical bills generated for treatment rendered by. LSU Health Sciences Center and by Dr. Ken Stanley, pursuant to the fee schedule. However, inasmuch as the evidence did not show that Mr. Jones submitted said bills for payment from ElDorado, the court denied penalties and attorney fees. Moreover, the WCJ denied Mr. Jones' request for TTD or SEB covering several other time periods following his injury. It is the WCJ's denial of benefits that gives rise to the instant appeal by Mr. Jones.

DISCUSSION
Standard of Review
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. The issue to be resolved by the appellate court is not whether the workers' compensation judge was right or wrong, but whether the factual conclusion was reasonable. Accordingly, where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 1996-2840 (La.07/01/97), 696 So.2d 551; Nelson v. City of Grambling, 31,303 (La.App.2d Cir.12/09/98), 722 So.2d 358, writ denied XXXX-XXXX (La.02/26/99), 738 So.2d 588. The question of whether the claimant is entitled to compensation benefits is ultimately a question of fact, and the workers' compensation judge's resolution of that issue may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Nelson, supra.
Temporary Total Disability Benefits
To obtain an award of TTD benefits, a claimant must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(1)(c); Brantley v. Delta Ridge Implement, Inc., 41,190 (La. App.2d Cir.06/28/06), 935 So.2d 308. This is the standard of proof which a claimant must satisfy when he files a disputed claim form seeking an award of TTD benefits after the employer or insurer terminates voluntary payments of TTD benefits. To prove a matter by clear and convincing evidence, as required to establish entitlement to TTD benefits, means to demonstrate that the existence of a disputed fact is highly probable, i.e., much more probable than its nonexistence. Id.
Jones contended that he was entitled to indemnity benefits from January 25, 2004, until the date of trial with the exception of periods where he was paid benefits. The WCJ divided his claim into several time periods for analysis of eligibility. The first time period was from January 25, 2004, to September 26, 2004, where it was determined that Mr. Jones had no work limitations from any physicians in the *1192 records introduced at trial. However, the record shows that on September 27, 2004, Dr. Pierce Nunley excused the claimant from work until there could be a reevaluation following an MRI. The record indicates that there was a follow up with Dr. Nunley on December 3, 2004, and indemnity was paid to Mr. Jones for the period of September 27, 2004, until December 28, 2004. Because of the lack of evidence, the WCJ properly determined that the claimant failed to establish any entitlement to indemnity benefits from January 25, 2004, to September 26, 2004.
Next, the WCJ considered the time period of December 29, 2004, to January 30, 2006, and determined that there were no medical records indicating a disability or inability of Mr. Jones to work during that period of time. Consequently, he denied Mr. Jones claim for indemnity benefits for that period.
However, the record shows that Dr. Nunley performed surgery on Mr. Jones January 30, 2006. Dr. Nunley then took him off work for six months in a report dated February 23, 2006; thus, the WCJ determined that Mr. Jones was entitled to TTD for the period of January 30, 2006, to August 26, 2006.
Concerning the, time period from August 27, 2006, to December 20, 2006, the WCJ determined that Mr. Jones did not establish by clear and convincing evidence that he was unable to engage in any employment and denied indemnity benefits. He was self employed as a construction worker, but he did not apply for any jobs. We find that Mr. Jones did not meet his burden of proof that he was unable to engage in any employment.
Supplemental Earnings Benefits
When work-related injuries do not result in total disability, but rather leave the employee unable to earn 90% of his preinjury wage, the statute authorizes an award of SEB. La. R.S. 23:1221(3). To prevail on an SEB claim, the employee must meet an initial burden of proving, by a preponderance of the evidence, that her work-related injury has resulted in an inability to earn that amount. Banks v. Industrial Roofing & Sheet Metal, supra; Taylor v. Columbian Chemicals, 32,411 (La.App. 2 Cir. 10/27/99), 744 Sold 704. Only after the claimant makes this prima facie showing does the burden shift to the employer to show that employment is generally available within the claimant's physical limitations and in her or the employer's reasonable geographic region. Id. The WCJ's factual findings on a claim for SEB are subject to the manifest error rule. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161; Taylor v. Columbian Chemicals, supra.
Mr. Jones testified that he had a construction and remodeling company, but he did not apply for any jobs. The WCJ found that there were no records from his physician that indicated that he was unable to work during the period of time at issue. As a result, the WCJ determined that Mr. Jones did not demonstrate that he was unable to earn at least 90 percent of his pre-injury wage. Because Mr. Jones did not meet this burden, it was not necessary for ElDorado to show his wage earning capacity.
The WCJ found that pursuant to La. R.S. 23:1021(10), Mr. Jones was entitled to a presumption of 40 hours and an average weekly wage of $424.40 with a compensation rate of $282.93 and awarded TTD from January 30, 2006, to August 26, 2006. As to the medical benefits, the WCJ found that the January 30, 2006, surgery was causally connected to the September 6, *1193 2003, accident and medically necessary. The WCJ awarded payment of all of the claims of payments to LSU Medical Center and Dr. Ken Stanley, but because those bills were never presented for that treatment, he did not award attorney fees or penalties for failure to pay within 60 days of written notice pursuant to La. R.S. 23:1201(E). However, the WCJ awarded $2,000 because of ElDorado's failure to reasonably controvert the claim for indemnity benefits for the six months following Jones' surgery on January 30, 2006. We find no error in this ruling.

CONCLUSION
Based on the above and foregoing, we affirm the ruling of the WCJ. Costs assessed to Mr. Jones.
AFFIRMED.