BROWN, Chief Judge.
 

 | ] Claimant, Robin Morrison, appeals the judgment of the workers’ compensation judge (“WCJ”) ending all workers’ compensation indemnity benefits on April 17, 2007, and assessing each party with its own costs. We affirm in part, reverse in part, and remand.
 

 Facts and Procedural Background
 

 On March 11, 2007, claimant, who worked as a kitchen manager for defendant, First Baptist Church of West Monroe, injured her left wrist while putting up bus pans. Claimant reported the accident to her supervisor and received a “comp number.” Thereafter, claimant visited her general practitioner, Dr. Warren Daniel, who, after taking claimant off work, recommended that she see Dr. Douglas Brown, an orthopedic surgeon.
 

 Dr. Brown diagnosed claimant with Ki-enbock’s Disease. Dr. Brown concluded that claimant’s work aggravated this preexisting condition. Dr. Brown recommended that claimant undergo an MRI and get a bone stimulator, and depending on the results of the MRI, possibly undergo surgery. All of these treatments were denied by the workers’ compensation carrier, defendant, Church Mutual Insurance Company.
 

 
 *875
 
 On April 12, 2007, defendants presented a light duty job description “at this time for 30 hours per week at her same current rate of pay” to Dr. Brown for approval. Dr. Brown approved the light duty job on April 17, 2007. Claimant, however, rejected the job offer.
 

 A workers’ compensation hearing was held on April 21, 2008. The WCJ found that claimant sustained an accident while in the course and scope of employment, and awarded temporary total disability (“TTD”) |2benefits from March 11, 2007, through April, 17, 2007, the date that Dr. Brown approved the light duty job description. The WCJ also found that because claimant rejected the offer of employment, she was not entitled to supplemental earnings benefits (“SEB”). Lastly, the WCJ determined that claimant was entitled to medical treatment and, as a result of defendants’ failure to provide the medical treatment, awarded claimant penalties in the amount $2,000 and attorney fees in the amount of $5,000; however, each party was ordered to bear its own individual costs.
 

 Discussion
 

 Temporary Total Disability Benefits/Supplemental Earnings Benefits
 

 On appeal, claimant contends that the WCJ should have awarded TTD benefits beyond April 17, 2007, or in the alternative, should have awarded SEB after that date.
 

 The question of whether a claimant is entitled to compensation benefits is a question of fact, and a WCJ’s determination may not be disturbed on appeal absent manifest error.
 
 Jones v. Hollywood Casino Shreveport,
 
 42,819 (La.App.2d Cir.12/05/07), 972 So.2d 1189.
 

 A claimant is entitled to TTD benefits if she proves by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(l)(c);
 
 Jones, supra; Albert v. Trans Met, Inc.,
 
 38,261 (La.App.2d Cir.06/23/04), 877 So.2d 183. A claimant who can perform light duty work is not entitled to TTD benefits.
 
 Holden v. International Paper Co.,
 
 31,104 (La.App.2d Cir.10/28/98), 720 So.2d 442,
 
 writ denied,
 
 98-┴29563 (La.01/29/99), 736 So.2d 834;
 
 Cleveland v. Delhi Guest Home,
 
 29,-506 (La.App.2d Cir.05/07/97), 694 So.2d 607.
 

 When an employee’s work-related injury does not result in total disability, she may still be entitled to an award of SEB if she proves by a preponderance of the evidence that as a result of the work-related injury she is unable to earn 90% of her pre-injury wages. La. R.S. 23:1221(3)(a). An employee is deemed capable of performing offered employment unless she can establish by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, she cannot perform the offered employment. La. R.S. 23:1221(c)(ii).
 

 In the case
 
 sub judice,
 
 claimant was found to be temporarily totally disabled from March 11, 2007, until April 17, 2007. On April 17, 2007, Dr. Brown approved a light duty job description proposed by defendants. Claimant did not present clear and convincing evidence that she could not perform the offered employment. Since Dr. Brown had released claimant to perform light duty work, it is clear that she was no longer physically unable to engage in any employment. Accordingly, claimant’s entitlement to TTD benefits ceased on April 17, 2007.
 

 Claimant’s alternative argument, that she was entitled to SEB after April 17, 2007, requires us to determine whether it was proven by a preponderance of the
 
 *876
 
 evidence that, as a result of her work related injury, claimant was not able to earn 90% or more of her pre-injury wages. The WCJ found, and defendants did not appeal this finding, that claimant’s pre-jjnjury4 average weekly wage was $500.40. This wage is based upon an hourly rate of $12.51 and a 40-hour week.
 

 In denying claimant’s request for SEB, the WCJ noted that defendants had offered claimant light duty employment at the same wage she was earning prior to her injury, and that claimant rejected that offer. The WCJ stated that claimant “cannot reject an offer paying her pre-injury wages, choose self-employment generating less than 90% of her pre-injury wages and expect defendant to supplement her salary through the payment of supplemental earnings benefits.”
 

 The WCJ mistakenly found that defendants’ light duty offer of employment, which was approved by Dr. Brown, paid wages that were the same as claimant’s pre-injury wages. While the hourly wage rate of the offer was the same as claimant was earning prior to her accident, the average weekly wage was significantly less. Defendants’ light duty job offer was for 30 hours a week at an hourly rate of $12.51, which makes an average weekly wage of $375.30. This amount is 75% of claimant’s pre-injury wages, and as such, proves her entitlement to SEB. Thus, we reverse that part of the WCJ’s judgment and find that claimant is entitled to SEB and remand for the WCJ to determine the appropriate amount.
 

 Costs
 

 In her second specification of error, claimant asserts that the WCJ erred in assessing each party with its own costs.
 

 La. R.S. 23:1310.9 states:
 

 If the workers’ compensation judge before which any proceedings for compensation or concerning an award of compensation have been | .^brought, under the Workers’ Compensation Act, determines that such proceedings have not been brought on a reasonable ground, or that denial of benefits has not been based on a reasonable ground, the workers’ compensation judge shall assess the total cost of the proceedings to the party who has brought them or the party who has unreasonably denied payment of benefits.
 

 Although a WCJ is afforded great discretion in assigning costs, we find that the WCJ abused that discretion in the present case. Defendants were informed by Dr. Brown on March 31, 2007, that claimant’s pre-existing condition was aggravated by her work. Based upon this it was unreasonable for defendants to deny claimant benefits. Furthermore, the WCJ implicitly found that defendants acted unreasonably in failing to authorize the recommended medical treatment by imposing attorney fees and penalties against defendants. Defendants did not answer the appeal or argue that this ruling was erroneous. Based upon the foregoing, it is evident that the WCJ abused her discretion by ordering each party to bear their own costs.
 
 See Daniels v. Keller,
 
 02-2767 (La.App. 4th Cir.08/06/03), 854 So.2d 416. Therefore, in accordance with La. R.S. 23:1310.9, we find that since defendants unreasonably denied payment of benefits, the total costs of the proceedings shall be assessed against them.
 

 Conclusion
 

 For the reasons stated herein, that portion of the WCJ’s judgment ending claimant’s temporary total disability benefits on April 17, 2007, is affirmed. That portion of the judgment denying claimant supplemental earnings benefits after April 17, 2007, is reversed, and the matter is remanded to determine the amount of SEB.
 
 *877
 
 Lastly, that part of the judgment assessing each party with its own costs is reversed, and consequently the |fitotal costs of the proceedings are assigned to defendants. Costs of this appeal are assessed to defendants as well.