GASKINS, J.
 

 _JjThe plaintiff, Robin Morrison, appeals from a decision by the workers’ compensation judge (WCJ), granting a permanent credit against Ms. Morrison’s supplemental earnings benefits, for the offer of a job which, according to the plaintiff, no longer exists. For the following reasons, we affirm the decision of the WCJ.
 

 FACTS
 

 This matter was previously before this court in
 
 Morrison v. First Baptist Church of West Monroe,
 
 44,189 (La.App.2d Cir.4/8/09), 7 So.3d 873. In that case, the plaintiff appealed from a judgment by the WCJ ending all workers’ compensation indemnity benefits on April 17, 2007, based upon a finding that the plaintiff had been offered a light-duty job which she refused. This court affirmed in part, reversed in part, and remanded for further proceedings.
 

 The plaintiff was the kitchen manager for First Baptist Church of West Monroe (FBCWM). On March 11, 2007, she injured her left wrist while working in the church kitchen. She reported her accident to her supervisor, saw her general practitioner, and was referred to an orthopedic surgeon, Dr. Douglas Brown, who found that she had Kienbock’s disease. Dr. Brown concluded that the plaintiff’s work at FBCWM aggravated this preexisting condition. He recommended an MRI, use of a bone stimulator, and possibly surgery.
 

 On April 12, 2007, FBCWM presented a light-duty job description to Ms. Morrison and Dr. Brown. The job was for 30 hours per week, in the church kitchen, at the plaintiffs current rate of pay. Dr. Brown approved |2the job on April 17, 2007, but the plaintiff refused to take it. Her workers’ compensation benefits were terminated and she filed a claim for compensation.
 

 A hearing was held on April 21, 2008. The WCJ found that the plaintiff suffered an injury in the course and scope of her employment and was paid temporary total disability benefits (TTD) from March 11, 2007, to April 17, 2007. Because she rejected the light-duty job offer, the WCJ found that she was not entitled to supplemental earnings benefits (SEB). The WCJ found that the plaintiff was entitled to treatment and because the defendant failed to provide it, the plaintiff was awarded $2,000 in penalties and $5,000 in attorney fees. The plaintiff appealed, arguing that she was entitled to TTD or SEB beyond April 17, 2007.
 

 In
 
 Morrison v. First Baptist Church of West Monroe, supra,
 
 this court found that the plaintiff was able to perform light-duty work and because she refused to do so, she was not entitled to TTD after April 17, 2007. Regarding the plaintiffs entitlement to SEB, the plaintiff showed that her pre-injury wage was $12.51 per hour and she worked 40 hours per week. The light-duty job offered pay at $12.51 per hour, but only for 30 hours per week. This was 75 percent of her pre-injury wage. Accordingly, this court found that the plaintiff was entitled to SEB. We reversed that part of the WCJ’s judgment denying the plaintiff SEB and remanded the ease to
 
 *1204
 
 the WCJ for a determination of the appropriate amount.
 

 On remand, a hearing was held before the WCJ on May 4, 2009, to determine the correct amount of SEB to be awarded to the plaintiff. At the [ shearing, the plaintiffs attorney inquired as to whether the light-duty job was still available. The plaintiff also testified that she had been earning some money by catering a meal once per month for the Senior Center in Monroe. The plaintiff stated that 1/3 of the money received went to purchase the food. The remaining 2/3 was her profit. In addition, the plaintiff did a limited amount of work assembling alligator shish kebabs for a local business. The hearing was continued to a later date in order to determine if the light-duty job at FBCWM still existed.
 

 The hearing resumed on July 6, 2009. Billie Dupree, the food service director for FBCWM, testified that after the plaintiff was injured, the church offered to allow her to work as the kitchen manager with work restrictions to conform with the plaintiffs physical capabilities. The job called for 30 hours per week instead of the 40 hours per week the plaintiff worked before her injury. Ms. Dupree said that the job was still available. However, she stated that the other kitchen workers had resigned about the time the plaintiff was injured and new workers had not been hired. Ms. Dupree said that in the plaintiffs absence, the church had been having all the meals catered.
 

 In a judgment filed July 29, 2009, the WCJ specified that SEB were awarded based upon the difference between the pre-injury wage and the light-duty job, with a credit for the money earned assembling shish kebabs and a credit for 2/3 of the amount earned on the monthly catering job. The |4court set forth the amount per month due to the plaintiff from April 2007 through April 2009.
 
 [1]
 

 The plaintiff appealed from the WCJ ruling. She argues that the WCJ erred in granting FBCWM a permanent credit against SEB for the offer of a job that no longer exists. According to the plaintiff, the light-duty job offered by the church was to supervise other cooks in the kitchen and to do paperwork. She claims that the other two kitchen workers left the job at the church around the time that the plaintiff was injured. The plaintiff argues that if she took the offered job, she would have to do all the cooking by herself, in a reduced 30-hour work week. She claims that this was not the job approved by the orthopedic surgeon. The plaintiff contends that the light-duty job ceased to exist in May 2007 and after that time, no credit should be given against her SEB award for a job that does not exist. This argument is without merit.
 

 Legal Principles
 

 Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 1996-2840 (La.7/1/97), 696 So.2d 551;
 
 Seal v. Gaylord Container Corporation,
 
 1997-0688 (La.12/02/97), 704 So.2d 1161. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra; Seal v. Gaylord Container Corporation, supra.
 
 Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong.
 
 *1205
 

 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra; Seal v. Gaylord Container Corporation, supra.
 
 Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra; Seal v. Gaylord Container Corporation, supra.
 

 The purpose of SEB is to compensate the injured employee for the wage-earning capacity he has lost as a result of his accident. An employee is entitled to receive SEB if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra;
 
 La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. This analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra; Seal v. Gaylord Container Corporation, supra.
 

 Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the employee’s claim for SEB or establish the | ^employee’s earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region. La. R.S. 23:1221(3)(c). Actual job placement is not required.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra; Seal v. Gaylord Container Corporation, supra.
 
 The amount of SEB is based upon the difference between the claimant’s pre-injury average monthly wage and the claimant’s proven post-injury monthly earning capacity. La. R.S. 23:1221(3)(a).
 

 According to the supreme court in
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra,
 
 an employer may discharge its burden of proving job availability by establishing, at a minimum, the following, by competent evidence:
 

 (1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region;
 

 (2) the amount of wages that an employee with claimant’s experience and training can be expected to earn in that job; and
 

 3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence.
 

 A “suitable job” is one that the claimant is not only physically capable of performing, but one that also falls within the limits of the claimant’s age, experience, and education, unless, of course, the employer or potential employer is willing to provide any additional necessary training or education.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra.
 

 |7If the employer carries its burden of proving that a suitable job was offered to the claimant or was available within the claimant’s or the employer’s community or reasonable geographic region, then the claimant must show by clear and convincing evidence, unaided by any presumption of disability, that she was unable to perform the offered or available employment, solely as the result of sub
 
 *1206
 
 stantial pain. See La. R.S. 23:1221(3)(c)(ii);
 
 Brooks v. Madison Parish Service District Hospital,
 
 41,957 (La.App.2d Cir.3/7/07), 954 So.2d 207,
 
 writ denied,
 
 2007-0720 (La.5/18/07), 957 So.2d 155.
 

 Discussion
 

 On remand, the plaintiff sought to show that the light-duty job was no longer available and argued that FBCWM should not be given a credit against its SEB obligation for the salary for that position. The plaintiff argues that the WCJ has continuing jurisdiction over compensation awards and can modify awards based upon a change in circumstances. She cites La. R.S. 23:1310.8 in support of this argument.
 
 [2]
 

 |sThe wording of La. R.S. 23:1310.8(C) clearly states that the section does not apply to the calculation of the monthly amount for SEB. The power of modification exists for the purpose of modifying an award due to the change in “conditions” related to the capacity of the employee. See 13 Malone and Johnson,
 
 Louisiana Civil Law Treatise-Workers’ Compensation
 
 § 284 (4th ed.2002). There has been no showing of a change in the plaintiffs capacity in this case.
 

 At the hearing on remand, Ms. Dupree testified that the job was still available. The plaintiff acknowledges that the job was available through May 2007. The plaintiffs argument overlooks the clear mandate of the supreme court in
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra,
 
 that the employer show that the job is available “at the time the claimant received notice of the job’s existence.” On the prior appeal, FBCWM made such a showing. There is no requirement under the law that the employer show continued availability of the job for an indefinite period of time. Had FBCWM shown that this particular job would have paid 90 percent or more of the plaintiffs pre-injury wage, her claim for SEB would have been defeated rather than her recovery merely reduced.
 

 Under the facts presented here, FBCWM adequately established by a preponderance of the evidence that a suitable job at the church was available at the time it was offered to the plaintiff. The job was approved by the plaintiffs physician, and therefore was within her physical capabili
 
 *1207
 
 ties. |aThe church also showed that the plaintiff could have earned 75 percent of her pre-injury wage in the light-duty position. The WCJ did not err in allowing a permanent credit against the SEB amount due the plaintiff for the salary associated with the job offered by FBCWM.
 

 FRIVOLOUS APPEAL
 

 FBCWM claims entitlement to damages, attorney fees, and costs under La. C.C.P. art. 2164 because the plaintiff has filed a frivolous appeal. That statute provides in pertinent part:
 

 The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
 

 However, FBCWM did not raise the issue by filing an appeal or an answer to the appeal. Therefore, this court may not assess any frivolous appeal damages, costs or attorney fees.
 
 Brooks v. Madison Parish Service District Hospital, supra.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the decision of the WCJ reducing the amount of SEB awarded to the plaintiff, Robin Morrison, by the amount she could have earned at the job offered by the defendant, First Baptist Church of West Monroe, and by the amounts earned at other jobs. Costs in this court are assessed to the plaintiff.
 

 AFFIRMED.
 

 [1]
 

 . Pursuant to a joint motion, the judgment was amended to correct two typographical errors in the monthly amounts due to the plaintiff for August and September 2007.
 

 [2]
 

 . La. R.S. 23:1310.8 provides in pertinent part:
 

 A.(1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123; however, upon petition filed by the employer or insurance carrier and the injured employee or other person entitled to compensation under the Worker’s Compensation Act, a workers' compensation judge shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers’ compensation cases.
 

 B. Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
 

 C. This Section shall not apply to the calculation of the monthly benefit amount pursuant to R.S. 23:1221(3).