MOORE, J.
12WiIlie Mae Taylor appeals a summary judgment that dismissed her workers’ compensation claim. She also appeals an earlier judgment that sustained the compensation carrier’s dilatory exception of vagueness. For the reasons expressed, we affirm the judgment insofar as it dismissed the claim for weekly indemnity benefits. However, finding genuine issues of material fact as to Ms. Taylor’s choice of an orthopedic specialist and as to certain medical expenses, we reverse in part and remand.

Factual Background

Ms. Taylor was employed as an assembly line worker at Plastech Engineered Products, a former GM supplier in southwest Shreveport, at an average weekly wage of $715. On Friday, April 13, 2007, she tripped over an air hose and fell to the floor, landing on her left side. She was taken to Willis-Knighton South Workkare with pain in her left hand; X-rays showed |sshe had dislocated and fractured the PIP (large) joint in her left pinkie. An emergency room doctor set the fracture in a splint, gave her Lortab, sent her home and released her to sedentary work the following Monday.
On April 23, she went to Dr. Don Burt, an orthopedic surgeon whom she later selected as her choice of physician. He approved her for light-duty work, lifting no more than one pound with her left hand.
Two weeks later, on May 7, Ms. Taylor apparently told Dr. Burt that her left hip was also hurting; he X-rayed it and found a nondisplaced linear fracture. He also wrote that her finger was about 50% healed and approved her to “continue in her present work activity only.” On August 3, despite her continued complaints of pain in the pinkie, Dr. Burt found the fracture had healed; he approved her for full work activity.
Over subsequent visits, Dr. Burt found gradual improvement, advised her to continue with therapy (stretching exercises), and reiterated “full work activity” despite some soreness in the finger. In January 2008, Dr. Burt excused her from one day’s work because of soreness and swelling in the left pinkie, and on February 15 he restricted her from “snapping on the Christmas trees, the child tethers or the glue gun.”
Meanwhile, in October 2007, Plastech and its compensation carrier, Travelers, sent Ms. Taylor to their own orthopedist, Dr. Karl Bilderback, for |4an evaluation. He found the fractured pinkie had healed but left her with stiffness “refractory to therapy and serial splinting.” He noted that surgery would be her only option for improved motion, but it came with the risk of no improvement and perhaps making the situation worse. As for her hip pain, he suggested a steroid shot and expected no long-term impairment.
In April 2008, Ms. Taylor returned to Dr. Burt for hip pain; he gave her a cortisone shot. On June 13, he diagnosed trochanteric bursitis, “brought about by sleeping on the left side at night as well as *358 by the amount of standing and walking activity she does at work.” On the history sheet, he also wrote, “It was recommended that she get a memory foam mattress cover”; in a letter addressed “to whom it may concern,” he stated that neither her hand nor her hip was healing as they should “because of her work activity,” and repeated, “She needs a memory foam mattress cover as treatment for bursitis of the left hip.”
Plastech fell victim to the downturn in the auto market; it declared bankruptcy and closed its plant on June 30, 2008. Ms. Taylor received accrued vacation and sick time, and then applied for unemployment (“UI”) benefits which she received and was still drawing at the time of her deposition in February 2009.
| sin October 2008, Ms. Taylor filed the instant disputed claim, checking off the following items on the Form 1008, with typewritten addenda indicated in italics:
1. No wage benefits have been paid
[[Image here]]
6. Medical treatment (Procedure/Prescription) Foam Mattress, recommended by Dr. Burt for Claimant’s hip problems
⅜ ⅜ ⅝
8. Disability status
[[Image here]]
12. Other: Medical bills not paid; Mileage Expense not Reimbursed; penalties and attorney’s fees
Travelers answered, admitting that a work-related accident occurred but denying the other allegations and asserting that no indemnity benefits were due because Ms. Taylor never missed any work. It also raised dilatory exceptions of vagueness and prematurity, urging that Ms. Taylor failed to state the time frame for which wage benefits were due. In February 2009, the WCJ sustained the exception of vagueness and gave Ms. Taylor 15 days in which to amend. She filed no amendment.
Meanwhile, in January 2009, Dr. Burt wrote on a history sheet, “I am going to refer her to a hand specialist for evaluation of this continued pain,” and Travelers’ counsel approved this, pending her completion of a choice of physician form. Ms. Taylor chose Dr. Diego Miranda, but in late February Travelers’ counsel retracted its approval, questioning whether Dr. Burt | ((‘truly felt such a referral was medically necessary” and asking her to return to Dr. Bilderbaek for a second opinion.
Dr. Bilderbaek saw Ms. Taylor on March 4 and found a “flexion deformity” of her left little finger; however, because serial splinting had failed, he now felt that surgery would not be of any significant value. He reiterated that her hip would improve over time, and advised her to continue working on a full-time, unrestricted basis.

The Motion for Summary Judgment

Travelers then filed this motion for summary judgment, arguing that Ms. Taylor never missed any work, and since Plastech closed, she was drawing UI, which disqualified her from wage benefits under La. R.S. 23:1225 B. Further, she had failed to produce any evidence that she cannot earn 90% of her pre-injury wage, a prerequisite for temporary, total disability under R.S. 23:1221(3). Still further, Dr. Burt’s referral to a hand specialist was suspect, as he had consistently approved her for regular work for nearly two years, but the issue was premature because Ms. Taylor never filed a motion for choice (or change of choice) of physician. Finally, Ms. Taylor provided no receipt or evidence of purchase of the foam mattress cover, no proof that Travelers failed to pay any medical bill, and no request for mileage reimbursement.
*359 |7Ms. Taylor responded that several issues of material fact remained: (1) Dr. Burt recommended a foam mattress but it was never provided; (2) he also thought her hand and hip were not healing as they should; (3) Travelers has not honored her choice of Dr. Miranda as a hand specialist; (4) Dr. Bilderback first recommended, and then did not recommend, surgery, creating a genuine issue; (5) whether Travelers knew about Dr. Burt’s prescription of a foam mattress was also a genuine issue.
After a hearing in October 2009, the WCJ granted summary judgment, holding that based on Drs. Burt and Bilderback’s reports, there was no genuine issue as to disability; no genuine issue as to whether the mattress pad or other medical expenses were ever submitted; and no proof that Ms. Taylor was entitled to indemnity benefits. The WCJ rendered judgment dismissing her claim, “including, but not limited to, claims for indemnity benefits, unpaid medical or mileage reimbursement, a foam mattress and penalties and attorney’s fees.”[1]
Ms. Taylor now appeals, raising three assignments of error.

Discussion: Exception of Vagueness

By her first assignment of error, Ms. Taylor urges the WCJ erred in sustaining the exception of vagueness. She shows that the form for initiating a disputed claim is “to be provided by the director,” La. R.S. 23:1310 A, and |sis to be called “Form LDOL-WC-1008,” 40 La. Adm. C. § 5507 A. Ms. Taylor argues that she used this form but concedes that “due to an unfortunate confluence of events” after the exception was sustained, she failed to amend it. She urges that in light of the liberal construction of the compensation act, the judgment should be vacated and the case remanded so she can amend and cure the deficiency.
Travelers responds that the interlocutory ruling on an exception of vagueness is subject to review for abuse of discretion. Washington v. Flenniken Const. Co., 188 So.2d 486 (La.App. 3 Cir.1966). Even though the WCJ sustained the exception, it did not dismiss the claim for vagueness, so Ms. Taylor suffered no prejudice.
The claimant is required to allege the “specific compensation benefit which is due” under La. R.S. 23:1311 A(3); Key v. Monroe City School Bd., 45,096 (La.App. 2 Cir. 3/10/10), 32 So.3d 1144. Travelers’ exception of vagueness sought to make Ms. Taylor state the specific workdays she missed because of this accident. Sustaining the exception was within the WCJ’s discretion. Regardless of that ruling, Travelers raised essentially the same issue by its motion for summary judgment: the claimant failed to prove that she missed any work because of this injury, and hence was not entitled to indemnity benefits. Ms. Taylor then had the opportunity to offer contrary | ¡¡evidence. Because the same issue — the loss of workdays — was addressed in the context of the motion for summary judgment, the pretrial ruling on the exception of vagueness is moot. This assignment of error lacks merit.

Denial of Indemnity Benefits

By her second assignment of error, Ms. Taylor urges the WCJ erred in granting the motion for summary judgment when numerous disputed issues were present. She reiterates the five issues she argued to the WCJ, but for purposes of this opinion we will first address the indemnity benefits. She argues primarily *360 that Dr. Bilderback first recommended surgery, and then withdrew his recommendation, creating a genuine issue.
Travelers responds that both Dr. Burt and Dr. Bilderback repeatedly approved her for full-duty work, and Ms. Taylor offered no summary judgment evidence to the contrary. Travelers also urges that although both doctors noted her complaints of ongoing pain, “working in pain” is not a fact that permits a claimant to draw either temporary, total disability or supplemental earnings benefits. La. R.S. 23:1331(1), (3). Finally, Travelers reiterates that after Ms. Taylor began drawing and continues to draw UI benefits, she was disqualified from receiving indemnity benefits. La. R.S. 23:1225 B.
|inA motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief sought by a litigant. Somaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The party moving for summary judgment need not negate every essential element of the opponent’s claim, action or defense; he need only point out the absence of factual support for one or more essential element. La. C.C.P. art. 966 C(2). If the opponent then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.; Babin v. Winn-Dixie La., 2000-0078 (La.6/30/00), 764 So.2d 37.
Compensation for temporary, total disability shall be awarded only if the employee proves, by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment or self-employment, regardless of its nature or character, “including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain[.]” La. R.S. 23:1221|n(l)(c). The statute thus excludes working in pain as a ground for which temporary, total disability benefits may be awarded. Mitchell v. AT & T, 27,290 (La.App. 2 Cir. 8/28/95), 660 So.2d 204, writ denied, 95-2474 (La.12/15/95), 664 So.2d 456. To receive supplemental earnings benefits, the claimant must show that she is unable to earn wages equal to 90% or more of wages at the time of the injury; if she is not working, she may recover these benefits only if she establishes “by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain,” she cannot perform available work. La. R.S. 23:1221(3)(c)(ii); Morrison v. First Baptist Church of West Monroe, 45,277 (La.App. 2 Cir. 5/19/10), 36 So.3d 1201. No indemnity benefits are payable for any week “in which the employee has received or is receiving unemployment compensation benefits.” La. R.S. 23:1225 B; Wills v. Solida Const. Co., 543 So.2d 1365 (La.App. 2 Cir.1989).
Ms. Taylor’s choice of treating physician, Dr. Burt, initially released her to light-duty work because of the broken finger; by August 3, 2007, he released her to full duty. Thereafter, both Dr. Burt and Dr. Bilderback consistently released her to full-duty work despite the continuing complaints of pain and stiffness in her pinkie. Ms. Taylor admitted in deposition that she drew wages until the plant closed and had been drawing UI since she |12applied. This summary judgment evidence pointed out a lack of support for an element or elements essential to Ms. Taylor’s claim— *361 that she was physically unable to engage in any employment, or that solely as a consequence of substantial pain she could no longer earn 90% of her pre-injury wage, or that despite receiving UI benefits, she was somehow entitled to workers’ compensation indemnity benefits. The burden thus shifted to Ms. Taylor to produce factual support sufficient to establish that she could meet her burden of proof at trial; she failed to do so. She showed that Dr. Bilderback wavered in his recommendation of surgery, but we see nothing in his reports to show that he ever retracted his opinion that Ms. Taylor could perform full-duty work. In short, this record does not establish any genuine issue as to indemnity benefits under R.S. 23:1221. This assignment of error lacks merit.

Dismissal of Other Claims

By her third assignment of error, Ms. Taylor urges the WCJ erred in dismissing all claims, including her choice of Dr. Miranda and her request for the foam mattress recommended by Dr. Burt. She shows that she has the absolute right to select one physician in any field without the employer’s approval. La. R.S. 23:1121 B(l); Smith v. Southern Holding Inc., 2002-1071 (La.1/28/03), 839 So.2d 5. She also argues that the summary judgment 11sevidence does not resolve whether Travelers was aware of her requests and refused to act on them.
Travelers concedes that Ms. Taylor was “advised” to buy a mattress pad, but she produced no proof that she asked Plastech to provide this or submitted an invoice for it. Travelers also submits that the choice of physician was not really before the court, as Ms. Taylor never amended her Form 1008 to allege it, but that this claim is now barred by res judicata. La. C.C.P. art. 425 A; R.S. 13:4231(2). It concludes that the WCJ properly dismissed all claims.
The employee has the right to select one treating physician in any field or specialty. La. R.S. 23:1121 B(l). After her initial choice, the employee must obtain prior consent from the employer or its compensation carrier for a change of treating physician within that field or specialty. Id.; Cheatham v. Luberski Inc., 43,603 (La.App. 2 Cir. 9/17/08), 996 So.2d 373. The employee must show that a change of treating physician is medically necessary. Cheatham v. Luberski Inc., supra. In every case of compensable injury, the employer is required to furnish “all necessary drugs, supplies, hospital care and services, medical and surgical treatment!)]” La. R.S. 23:1203 A; Hammock v. Weyerhaeuser, 40,464 (La.App. 2 Cir. 12/14/05), 917 So.2d 733.
| ^Although they released her to work, both of Ms. Taylor’s doctors noted continuing complaints of pain and stiffness in her pinkie, as well as bursitis in the hip. Dr. Burt ultimately wrote that he would refer her to a hand specialist, an action to which Travelers initially agreed. Dr. Bilderback initially stated that surgery might be her only option, but later withdrew that recommendation. These contradictory medical opinions, and Travelers’ retracted approval, leave open the genuine issue whether Ms. Taylor can show that choosing a new orthopedic specialist is medically necessary under R.S. 23:1121. The WCJ erred in granting summary judgment as to this claim.
Similarly, the evidence shows that Dr. Burt recommended a foam mattress cover to alleviate Ms. Taylor’s bursitis, a point which Travelers did not refute. We would be inclined to grant a summary judgment ordering Travelers to provide the mattress, but on close review we do not see evidence that she actually notified them of this claim until she filed her Form *362 1008. On this record we find a genuine issue as to whether Ms. Taylor is entitled to the mattress and whether Travelers failed to reasonably controvert this claim. The WCJ erred in granting summary judgment on this portion of the case.

Conclusion

|1sFor the reasons expressed, the summary judgment is affirmed insofar as it dismissed Ms. Taylor’s claim for weekly indemnity benefits. However, it is reversed with respect to the choice of an orthopedic specialist and the claim for medical expenses; genuine issues remain to be resolved. The case is affirmed in part, reversed in part and remanded to the WCJ for further proceedings in accordance with this opinion. Trial and appellate costs are to be paid by Travelers Property Casualty Company of America.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.

. Ms. Taylor asserts in brief that counsel for Travelers never tendered a copy of the proposed judgment for approval as to form.