STEPHEN J. WINDHORST, Judge.
| ;>Appellants/defendants, Lucky Coin Machine Company (“Lucky Coin”) and Amtrust North America appeal the workers’ compensation judgment finding that the claimant, Nunzio Galiano, sustained a work-related injury. For the reasons that follow, the workers’ compensation judgment is reversed and rendered.
Facts and Procedural History
Claimant was employed by Lucky Coin for twelve years as a pool table technician. Claimant’s job required him to move pool tables, pinball machines, and foosball machines. He was required to move these items, including the 200 lb. slates for the pool tables, up and down stairs. Claimant had the assistance of a co-employee to set up the equipment.
In late August 2013, claimant began experiencing low back pain. Despite the pain, claimant continued to work through September and October without complaining or reporting the pain to his employer, Lucky Coin. Claimant testified that he did not report his back pain to his employer because he feared he would be |3terminated from employment. In the third week of October 2013, claimant testified that he had several jobs in one week that required him to carry the 200 lb. slates up stairs. After that week, claimant experienced intense back pain.
Claimant informed his supervisor that he had back pain and needed to go to the doctor. Claimant’s supervisor told him that he was needed at work that day and claimant needed to provide a one-week notice before going to a doctor’s appointment. Claimant testified that he cancelled two or three appointments before he could no longer stand the pain and scheduled an appointment with his family physician, Dr. Aarti M. Pais. Claimant testified that he initially believed his back pain was related to kidney problems.
*744 On November 6, 2013, Dr. Pais informed claimant that he did not have any kidney problems. Claimant testified that Dr. Pais asked him what he did for a living and claimant stated he was a pool table technician. Claimant testified that Dr. Pais allegedly told him that his back pain was related to his work. Claimant was diagnosed with sacroiliac (SI) joint dysfunction and was released to return to work on November 7, 2013, with restrictions.[1] Claimant testified that he did not think his back pain was work-related until after Dr. Pais told him it was not his kidneys. Claimant returned to work the same day, reported Dr. Pais’ diagnosis, and gave the work restriction to his employer. Claimant testified “I don’t think I ever talked to my employees [sic] to tell them that it was, you know, it was the back.” Claimant was immediately sent to his employer’s workers’ compensation physician. Claimant testified that the physician told him he was not able to return to work.[2]
|4On November 6, 2013, claimant stopped working for his employer.[3] Claimant applied for and received short term disability and unemployment benefits. After his short term disability ended, claimant then filed this disputed claim for workers’ compensation benefits on March 25, 2014. Appellants requested a preliminary determination on whether claimant’s injury was work-related. On June 13, 2014, the workers’ compensation judge (WCJ) determined that claimant had a work-related accident. Appellants disputed the WCJ’s determination and moved to set the matter for trial. After a trial on the merits, the WCJ rendered judgment in favor of claimant and against appellants. This appeal followed.
Law and Analysis
In their first assignment of error, appellants contend the WCJ erred in finding that claimant sustained a work-related accident when the undisputed evidence leaves the question of a work-related accident open to speculation and conjecture. Appellants contend that claimant’s allegations are not specific enough as to the time of the alleged injury and the activity that caused the alleged injury to satisfy the requirements of an accident as defined in La. R.S. 23:1021(1). Appellants also contend that the medical evidence does not support claimant’s contention that his back pain was caused by a work-related accident.
In opposition, claimant contends that repetitive or cumulative trauma to his back from a series of jobs during the third week in October 2013, triggered his back pain to the point he was no longer able to work and was the work-related accident which the WCJ correctly found to have occurred. Alternatively, claimant contends that his medical records indicate serious problems with his lumbar and there is a reasonable possibility of a causal relationship between his injury and his ^occupation by fact he was required to lift 200 lb. slates and the series of events in October.
An.employee seeking workers’ compensation benefits must prove “personal injury by accident arising out of and in the *745 course of his employment.” La. R.S. 23:1031 A. An accident is defined as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1).
A workers’ compensation claimant has the burden of establishing a work-related accident by a preponderance of the evidence. Marange v. Custom Metal Fabricators, Inc., 11-2678 (La.7/2/12), 93 So.3d 1253, 1257. A claimant’s testimony alone may be sufficient to prove that an unwitnessed accident occurred in the course and scope of employment, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the claimant’s version of the accident, and (2) the claimant’s testimony is corroborated by the circumstances following the alleged accident. Id.; Ardoin v. Firestone Polymers, L.L.C., 10-0245 (La.1/19/11), 56 So.3d 215, 218-219. Corroboration of the claimant’s testimony may be provided by the testimony of fellow workers, spouses, friends, or by medical evidence. Ardoin, 56 So.3d at 219.
In determining whether a claimant has discharged his burden of proof, the workers’ compensation court should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of his testimony. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). The findings of the workers’ compensation judge will not be set aside by a reviewing court unless they are found to be clearly wrong or | ^manifestly erroneous in light of the record viewed in its entirety. Dean v. Southmark Constr., 03-1051 (La.7/6/04), 879 So.2d 112, 117.
We find the WCJ committed manifest error in finding that claimant sustained a work-related accident. A review of the testimony and evidence discredits or casts serious doubt upon the claimant’s version of the accident.
First, claimant did not inform his employer that he sustained an injury to his low back as a result of a work-related accident. Claimant testified that he informed his supervisor, Thomas Vercelli, “I need to go see a doctor.” Claimant also testified that he did not believe his pain was work-related until after he saw Dr. Pais on November 6, 2013. Claimant testified, “Well, at first I thought it was regular backache, but then it kept on going. I thought it was my kidneys.”[4] Even after claimant was informed that his back pain was hot related to his kidneys, he did not inform his employer about a work-related accident. Claimant testified, “I don’t think I ever talked to my employees [sic ] to tell them that it was, you know, it was the back.”
Claimant testified that he did not inform his employer of a work-related accident for fear of being terminated from his employment. However, claimant’s own testimony that he previously received workers’ compensation benefits for a prior work-related accident without being terminated from his employment discredits claimant’s contention.
Second, the medical records do not support claimant’s contention that he sustained a work-related accident, or alternatively, an occupational disease which would *746 entitle him to workers’ compensation coverage.[5] The medical records are |7void of any evidence that claimant informed any of his physicians that his back pain was a result of a work-related accident.[6] The medical report by Dr. Pais dated November 11, 2013, provided “Pain started in July or August. Does not recall specific trauma or injury.”[7] (Emphasis added.) On December 2, 2013, Dr. Pais’ medical report provided “Reports developing low back pain in August. He is unsure what triggered the pain.”[8] (Emphasis added.) On December 10, 2013, the medical record provided that claimant wanted “to talk to his lawyer to determine how to proceed w/ [sic] his management.” A medical report dated December 16, 2013, provided that claimant went to see Dr. Pais “to have paper work for short term disability filled and to get a referral to orthopedic surgeon.”
The medical records of claimant’s orthopedist, Dr. Andrew Todd, also cast serious doubt that claimant sustained an injury to his back as a result of a work-related accident. On January 6, 2014, Dr. Todd’s medical records provided that claimant had pain in his lumbar region on the right side. “The onset was sudden without injury about four months ago.” (Emphasis added). On August 11, 2014, Dr. Todd’s medical records provided that claimant “continues to decline further treatment such as injections, acupuncture, or other types of medications.” The report further provided “He doesn’t seem particularly interested in having any treatment for this. In fact, is mostly just concerned with his disability due to age Rand his paperwork. He provided us with the paperwork [sic ] will fill it out to the best of our abilities.”[9]
The medical records are also void of any diagnosis or written opinion from claimant’s physicians that claimant’s back pain was the result of a work-related accident or occupational disease. Moreover, none *747 of the physicians were questioned or deposed as to whether claimant’s back pain was the result of repetitive or cumulate trauma from lifting 200 lb. slates up and down stairs.
Third, claimant’s own actions cast suspicion on the reliability of claimant’s testimony. When claimant told his employer he needed to go to the doctor, he did not tell his employer that he had a work-related accident because he believed he was having kidney problems. Even after Dr. Pais allegedly told him that the back pain was not related to his kidneys, but was related to his work, claimant did not inform his employer of a work-related accident.[10] Additionally, claimant did not inform any of his physicians that he sustained a work-related accident. Moreover, claimant stopped working on November 6, 2013, and instead of filing for workers’ compensation benefits, claimant consulted with an attorney and applied for and received short term disability. Claimant was terminated from his job in February 2014. Claimant once again did not file for workers’ compensation benefits. Claimant applied for and received unemployment benefits. Claimant testified that in order to qualify for unemployment benefits he has to be “ready and willing to perform work.” On March 24, 2014, claimant’s short term disability ended and only then did claimant file for workers’ compensation alleging a work-related accident or occupational disease.
| ((Accordingly, we find the WCJ committed manifest error in finding that claimant sustained a work-related accident and reverse the workers’ compensation judgment.
In their second assignment of error, appellants contend that the WCJ erred in finding that appellants failed to reasonably controvert claimant’s claim. Because claimant did not meet his burden of proving a work-related accident, we find that appellants’ second assignment of error is moot.
Conclusion
Based on the foregoing, we find the WCJ committed manifest error in finding claimant sustained a work-related accident. Accordingly, the workers’ compensation is reversed and judgment is rendered in favor of appellants.
REVERSED AND RENDERED

. The work restriction provided, "no bending or twisting, no lifting. Needs'physical therapy-”

. The work restriction from Lucky Coin’s workers’ compensation physician stated "no work” and "will call with referral.” The work restriction did not state that claimant’s back pain was the result of a work-related accident or that claimant informed the physician that he sustained a work-related accident. Additionally, the work restriction did not state how long claimant would be unable to work or why he was unable to work.

.Claimant was terminated from his job in February 2014.

. Claimant’s wife testified that claimant believed his low back pain was related to his kidneys. She also testified that she asked him what he was doing at work and she is the one who suggested his back pain could be work-related.

. Whether claimant’s low back pain was the result of a work-related accident, or alternatively, occupational disease was argued at the trial on the merits. The workers’ compensation judgment is silent as to appellee’s claim concerning whether claimant’s low back pain was the result of an occupational disease. When a judgment is silent as to a claim or demand that was litigated, it is presumed to be deemed denied by the trial court. Mason v. Bankers Ins. Group, 13-704 (La.App. 5 Cir. 1/31/14), 134 So.3d 29, 36; Cambre v. St. John the Baptist Parish, 12-590 (La.App. 5 Cir. 5/16/13), 119 So.3d 73, 81. Since the judgment is silent as to this claim, it is presumed to be denied. Appellee did not file an appeal or an answer concerning the WG’s denial of this claim. Accordingly, the issue is not properly before this Court.

. The medical records from the employer’s workers' compensation physician were not offered into evidence. The parties only introduced the workers’ compensation physician’s note from November 6, 2013, stating "no work” and "will call with referral.” The document did not provide that claimant could not work because of a work-related accident or occupational disease.

. The medical record further stated that claimant "believes that his pain is work-related.” However, the record did not state that claimant informed Dr. Pais that his back pain was a result of a work-related accident.

. The medical record further stated that claimant told Dr. Pais "his job referred him to a workman’s comp md. [sic]” The medical record did not state that claimant informed Dr. Pais that his back pain was a result of a work-related accident, nor did Dr. Pais opine that claimant’s back pain was a result of a work-related accident.

. A medical report dated July 14, 2014, by Dr. Todd noted that claimant discussed “his fight with workers’ compensation for coverage of this injury.” Despite this notation, Dr. Todd's medical records did not provide that claimant informed him that his back pain was the result of a work-related accident nor did Dr. Todd opine that claimant's back pain was the result of a work-related accident.

. Dr. Pais’ medical records provided that claimant said his back pain was work-related.