BROWN, Chief Judge.
I iThis workers’ compensation dispute was filed by claimant, Jerry Perez, against his employer, Express Jet, alleging injury to his neck via an accident that occurred on October 21, 2013. After finding that claimant’s allegations met the definition of an accident and that his injury was causally connected, the workers’ compensation judge (‘WCJ”) awarded Perez temporary total disability benefits from November 20, 2013, to April 16, 2014. Defendant, Express Jet, has appealed, assigning as error the WCJ’s factual determination that claimant’s neck injury was caused by a work-related accident. For the reasons set forth below, we affirm.

Facts

Claimant, Jerry Perez, had worked as an airplane mechanic for Express Jet for 13 years. On October 21, 2013, he was working on a “pre-cooler” unit on an airplane. Due to the location of the unit and his use of bifocals, claimant spent much of his shift with his neck in an extended position. Perez testified that at some point, he felt a “pop,” and his neck “froze up” and cramped. He stopped what he was doing because he felt some pain go down his left side and took a moment to massage his neck and shoulder before finishing out his shift.
Claimant complained of pain to his wife when he returned home. She massaged his neck and shoulder and put heating pads on the area. In response to a question asked by the WCJ, Mrs. Perez testified that her husband told her that his neck “locked up on him” while he was working *272 on the pre-coolers because he had to keep his neck tilted back for a long period of time. Perez continued to work because he thought it was just soreness |afrom being in the awkward position he had been in to work on the pre-cooler units. However, because the pain and numbness got worse rather than better, after a couple of weeks, claimant went' to see his family doctor, Thomas Bernard, on November 13, 2013. Dr. Bernard’s handwritten note states that the pain began after Perez had been “looking up all da/’ at work; it does not mention a “pop” or more specific triggering event. Dr. Bernard diagnosed cervicalgia and thoracic pain and recommended a cervical MRI.
On November 20, 2013, claimant reported his symptoms to Express Jet and was referred to a Willis Knighton Work Kare clinic for examination. The Work Kare records are consistent with Dr. Bernard’s initial history and do not specifically refer to a “pop” or other particular trigger beyond a general reference to claimant’s October 21st work shift.[1] Dr. Madgy Eskan-der examined Perez on November 21, 2013, and. diagnosed neck pain with radicu-lopathy. However, he opined that this condition was due to pre-existing degenerative disease rather than work activity and referred claimant for further treatment with Dr. Jorge Martinez, a neurosurgeon. In the meantime, Dr. Eskander released Perez to return to work.[2]
At his examination with Dr. Martinez, Perez reported “shooting pain” from his neck down his left arm. With regard to “how the injury happened,” a patient intake form reflects “w/c and looking úp all day.” Dr. Martinez’s initial “History and Physical” states:'
l3The patient gives a history of having a work injury. The patient describes neck pain as a result of such. The patient claims that on 10/21/13 he was working as a jet mechanic and he had to look up. He wears bifocals and he had to look at some minor details therefore he had to use the lower part of the bifocal and keep the head up all day long. The patient describes that since then he has been having some neck pain like a crick in the neck and subsequently radiated to the left upper extremity primarily to the left scapular, supra scapular, shoulder, upper arm and forearm associated with numbness and tingling in the thumb, index and middle fingers.
Dr. Martinez reviewed a cervical MRI which showed degenerative disease at multiple levels, the worst being at C6-7 and C5-6. Based on his exam, Dr. Martinez diagnosed “cervical pain radiating to the left upper extremity etiology undetermined.” He recommended cervical spine x-rays and a cervical myelogram/CT and restricted Perez to light duty pending further treatment. The myelogram/CT scan, which was performed on December 2, 2013, showed significant nerve root defects at C6-7 and C4-5. Dr. Martinez noted that the injury at C6-7 was a ruptured disc, whereas the other two levels showed chronic, degenerative changes. Dr. Martinez diagnosed multiple herniated discs with associated spondylosis and canal sten-osis, and his recommendation was cervical surgery.
*273 On- January 28, 2014, Dr. Martinez performed microsurgical cervical discectoiny and fusion on claimant at levels C4-5, C5-6 and C6-7. There are no medical records or testimony indicating that Perez made any complaints or received any medical treatment for his cervical condition prior to October 21, 2013.
Dr. Martinez testified by deposition on November 4, 2014. He agreed that Perez had degenerative disease in his cervical spine prior to October 21, 2013, but that claimant’s work on that day, for three to four hours in the Rextension position, caused, aggravated, or contributed to his herniation or rupture at the C6-7 level. In addition, in a December 6, 2013, letter, Dr. Martinez wrote, “I feel like this condition has been aggravated on the date of the injury when [Perez] was looking up for a long period of time using his bifocals.” Dr. Martinez’s opinion was based on patient history, as well as objective evidence shown-in the MRI and CT/myelogram as well as what he observed while performing surgery.

Discussion

As noted above, the only issue disputed by Express Jet was whether claimant’s injury was caused by an accident as defined under Louisiana’s workers’ compensation law. The WCJ found that:
In this case, albeit by a narrow margin, this court concludes that Mr. Perez proved a compensable accident. He obviously suffered from degenerative disease in his cervical spine prior to October 21, 2013. Nonetheless, there is no evidence that he complained of neck pain or sought treatment for such complaints prior to that date. Moreover, whether it began with a “pop” or not, it is undisputed that Perez’s symptoms developed quickly and over a relatively short period of time. Both he and his wife confirmed that his symptoms were substantial by the time he arrived home after his shift, and progressed over the next several weeks while he attempted to keep working. Under the facts of ’ this case, the court finds Perez suffered a compensable accident on October 21, 2013, in the course of and arising from his employment with Express Jet.
A worker in a compensation action must establish personal injury by accident arising out of and in the course of his .employment. La. R.S. 23:1031(A). An accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective. findings of an injury which is more than simply a gradual deterioration or progressive | .-¡degeneration. La. R.S. 23:1021(1). The work-related accident requirement has consistently been interpreted liberally by our courts. Iberia Medical Center v. Ward, 09-2705 (La.11/30/10), 53 So.3d 421; Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); Hill v. IASIS Glenwood Regional Medical, 50,531 (La.App.2d Cir.05/18/16), 195 So.3d 536.
An employee may prove by his or her testimony alone that an unwit-nessed accident occurred in the course and scope of employment if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the- alleged accident. Ardoin v. Firestone Polymers, L.L.C., 10-0245 (La.01/19/11), 56 So.3d 215; Bruno, supra; Thomas v. GM Benefits & Service Center, 48,718 (La.App.2d Cir.01/15/14), 132 So.3d 464. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. :■ Id.
*274 In deciding whether the worker has discharged his or her burden of proof, the fact-finder should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony. Marange v. Custom Metal Fabricators, Inc., 11-2678 (La.07/02/12), 93 So.3d 1253; Ardoin, supra; Bruno, supra. The fact-finder’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations that should not be disturbed on appellate | ¿review unless clearly wrong or manifestly erroneous. Ardoin, supra; Thomas, supra. Where there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Ardoin, supra; Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993); Thomas, supra.
As reiterated recently by the Louisiana Supreme Court in Galiano v. Ducky Coin Machine Co., 15-2065 (La.01/08/16), 184 So.3d 689, in its writ grant and reversal of a decision by the Fifth Circuit overturning a WCJ’s finding of a work-related accident,[3] when a fact-finder’s determinations are reasonably based on the testimony and credibility determinations, they should not be found to be manifestly erroneous.
In the instant case, there was no testimony or evidence that seriously discredited Perez’s account of an accident. Claimant had no prior problems with or treatment for neck pain or numbness. The onset of his symptoms as described by claimant was corroborated by the testimony of his wife and deposition testimony and medical records of Dr. Martinez. While there was a two-week delay in claimant’s reporting the accident to Express Jet, he explained that he continued working during that time because he kept thinking that his injury would resolve itself. At the time of his injury, Perez 17had been employed with defendant for approximately 13 years. Following his January 28, 2014, surgery, an anterior cervical fusion at C4-5, C5-6 and C6-7, claimant returned to his job with Express Jet less than four months later. The WCJ’s determination that Perez’s neck injury was caused by a work-related accident is reasonable based on the record as a whole. See, Marange, supra at 1259-60; Hofler v. J.P. Morgan Chase Bank, N.A., 46,047 (La.App.2d Cir.01/26/11), 57 So.3d 1128; Sicard v. Touro Infirmary, 13-544 (La.App. 5th Cir.12/19/13), 131 So.3d 989, writ denied, 14-0123 (La.03/21/14), 135 So.3d 620; Rostrop v. Gray Insurance Co., 12-554 (La.App. 5th Cir.04/10/13), 115 So.3d 535; McCall v. Wal-Mart Stores, Inc., 02-1343 (La.App. 3d Cir.03/05/03), 846 So.2d 832, writs denied, 03-1329, 03-1343 (La.09/19/03), 853 So.3d 639, 641. As such, we will not disturb the factual findings of the WCJ.

Conclusion

For the reasons set forth above, the judgment of the WCJ is AFFIRMED at *275 the cost of defendant-appellant, Express Jet.

. Perez described the incident in his Work Kare patient information form as "neck pain; worked, looking [straight] up all day on pre-cooler change. I wear bifocal glasses, so I’m having to bend my neck further back than normal to see my job.”

. Because Perez was not allowed to work while taking medication prescribed by Dr. Eskander and due to the unavailability of light duty work, claimant could not return to work at that time.

. See Galiano v. Lucky Coin Machine Co., 15-101 (La.App. 5th Cir.10/14/15), 177 So.3d 742, writ granted, judgment reversed by Galiano, 184 So.3d at 689. The claimant in Galiano, 177 So.3d at 744, described his work-related accident as "repetitive or cumulative trauma” to his back from a series of jobs performed during the course of a week which triggered his back pain to the point that he was no longer able to work. Finding that the claimant met his burden of proof, the WCJ awarded benefits. The Fifth Circuit reversed the WCJ's judgment based upon its determination that claimant did not sustain a work-related accident. As noted above, the supreme court reversed the appellate court’s judgment and remanded the matter for the Fifth Circuit to address a pretermitted assignment of error regarding penalties and attorney fees.